Per Curiam.

There is unquestionably considerable uncertainty in the application of the cases on this subject, if not in the principles which have influenced in the decision of those cases. But one *81 point seems to be settled. The question whether a sum of money mentioned in an agreement shall be considered as a penalty, and so subject to the chancery powers of this Court, or as damages liquidated by the parties, is always a question of construction, on which, as in other cases where a question of the meaning of the parties in a contract provable by a written instrument arises, the Court may take some aid to themselves from circumstances extraneous to the writing. In order to determine upon the words used, there may be an inquiry into the subject matter of the contract, the situation of the parties, the usages to which they may be understood to refer, as well as other facts and circumstances of their conduct; although their words are to be taken as proved by the writing exclusively.
Perhaps there is nothing extraneous to the contract brought under our consideration in this suit, which can have much bearing or influence upon the inquiry into its meaning as to the particular question now in controversy. The occasion *of [ * 82 ] it is recited in the instrument; the purpose of it is very explicitly stated. But these would be consistently answered and secured, as well by an agreement of liquidated damages, as by a penalty, to be used as one remedy for the recovery of the actual damages sustained.
If the sum of 8000 dollars, mentioned in the agreement, is to be treated as liquidated damages, then for one instance in which the contract should be broken, and for a thousand in which the defendant should interfere in the trade contemplated by the parties to be secured to the plaintiffs for seven years, exclusively of him and of all acting under him, the same damages, the same amount of demand, would be recovered; and having been once paid, if demanded as a penalty, there would be an end of the contract; but if demanded as damages, then, it seems, the demand might be repeated.
Examined in this view, we see nothing which gives this contract any other determinate meaning than that of a penalty. If there is nothing to prevent the plaintiffs, in case the defendant should have injured" them, in breach of his contract, to a greater amount than 8000 dollars, from recovering upon his covenant, and in that form of action, the extent of the damage actually sustained, although greatly exceeding the sum mentioned, it would be a severe construction indeed, which should consider him liable to that amount upon one breach, however slight the injury and loss may have been.
If we look to the words themselves, there is a covenant, on the part of the defendant, that he will not, in his own name, &c., directly or indirectly, be interested in any voyage to the north-west *82 coast of America, &c., for the term of seven years. Then he binds himself in the penal sum of 8000 dollars for his faithfully and strictly adhering to. this contract. It is not said, if he docs so, contrary to his agreement, then he will pay that sum as a satisfaction. Nor is there any thing expressed, which would conclude the plaintiffs, unless it be their form of action, when the amount of damages should exceed 8000 dollars, from demanding to the extent of their loss.
[ * 83 ] * Lord Mansfield expresses the distinction of liquidated damages, and a penalty to secure the performance of a contract, very closely and accurately, in the case of Lowe vs. Peers, referred to in the argument of the case at bar. There is a difference, says his lordship, between covenants in general and covenants secured by a penalty or forfeiture. In the latter case, the obligee has his election to bring an action for the penalty, after which he cannot resort to the covenant; or- to proceed upon the covenant, and recover more or less than the penalty.
Upon the whole, we are of opinion that the demand, in this case, is not for damages ascertained or liquidated by the parties to the contract, but for a penalty or forfeiture annexed to articles of agreement, a breach of which has been found; and therefore, by the statute, the defendant is entitled to a hearing in chancery before judgment shall be rendered, (a)

 Where the word penalty is used, the damages can never be considered as liquidated. — Smith vs. Dickenson, 3 B. & P. 630. — Davis vs. Penton, 6 B. & C. 216. —- Orr vs. Churchill, 1 H. Bl. 227. — Harrison vs. Wright, 13 East, 345. — Taylor vs. Sanford, 7 Wheat. 17. — Brown vs. Bellows, 4 Pick. 179. — On the other hand, when the words liquidated damages, or words equivalent, are used, without any explanatory words, at least in instruments under seal, the sum mentioned is usually considered as the stipulated damages, and not as a penalty. — Barton vs. Glover, Holt, C. 43 — Christie vs Bolton, 3 B. & C. 280. — Birch vs. Stephenson, 3 Taunt. 469.— Rolfe vs. Patterson, 2 Br. P. C. 436. — Farrant vs. Olmius, 3 B. & D. 692. — Reilly vs. Jones, 8 Moore, 244. — 1 Bing. 302. — Hasbrouck vs. Tappan, 15 Johns. 200. — However, where an agreement contains several stipulations, some of them touching matters of great importance to the parties, and others matters of little or no importance, a stipulation for liquidated damages generally upon any violation of the agreement will not be carried into effect.— Kemble vs. Farrer, 6 Bingh. 141. — 1 Selw. N. P. 366, 8th ed. — Astley vs. Weldon, 2 B. & P. 346. — Reilly vs. Jones, ubi sup. — Davis vs. Penton, 6 B. & Cresw. ubi sup.— Dennis vs. Cummins, 3 Johns. Cas. 297. — 1 Phil. Ev. 1, 66, 7th ed.—And it seems that, as far as respects contracts not under seal, whether the term penalty or stipulated damages be used in an agreement in referring to the compensation payable on the breach of it, the question for the jury to determine will be the actual damage sustained. — Randall vs. Everett, 1 Mood, & Malk. 42. — 2 Car. & P. 577. — Phil. Ev. vol. i. p. 167, 7th ed. — Pinkerton vs. Caslon, 2 B. & Ald. 704. — Reilly vs. Jones, 1 Bing. 302. — Barton vs. Glover, ubi sup. — Davies vs. Penton, ubi sup. — Spencer vs. Tilden, 5 Cowen, 144. — For the consideration must be coextensive with the promise. —6 Barn. Cr. 220.—Rann vs. Hughes, 7 D. & E. 350, n. — Sed vide Crisdee vs. Bolton, 3 Car. & Paine, 240. — Where the damages, however, must be in their nature uncertain, or cannot be accurately ascertained, there is nothing illegal or unreasonable in the parties by mutual agreement settling the amount at which they are to be estimated; and in such case, although the contract be not under *83 seal, the stipulation deliberately made between the parties would generally be considered as the only rule for estimating the damages. — Kemble vs. Farrer, 6 Bingh. 148. — Crisdee vs. Bolton, ubi sup. — Reilly vs. Jones, ubi sup.—Barton vs. Glover, ubi sup. — Where an increased rent was reserved by an instrument under seal, fox every acre of land converted into tillage, it was held, that the jury were not at liberty to give damages for the actual injury sustained, instead of the increased rent. — Farrant vs. Olmius, 3 B. & A. 692. — And see Posonby vs. Adams, 6 Br. P. C. 418. — Rolfe vs. Patterson, 6 Br. P. C. 470. — Fletcher vs. Dyke, 2 D. & E. 32. — Slosson vs. Beadle, 7 Johns. 72. — Hasbrouck vs. Tappen, 15 Johns. 200. — Jones vs. Green, 3 Young & J. 298.