## ENOCH GAMMON *vs.* WILLIAM L. HOWE.

Where the parties contract mutually to do certain acts at a fixed time, and
" respectively bind themselves each to the *other in the* sum of $500 for the
faithful performance of the several agreements herein entered into;" that
sum is not to be considered as a penalty, but as liquidated damages.

THIS was an action of debt, alleging that the defendant, on the
6th of *Feb.* 1836, by his writing obligatory of that date, duly ex-
ecuted and delivered, bound and obliged himself to pay the plaintiff
the sum of five hundred dollars.   The instrument declared on, and
produced in evidence by the plaintiff on the trial, was under seal,
and signed by both parties.   By it, the plaintiff agreed to sell to
the defendant one eighth part of a tract of timberland in *New
Hampshire,* " at the rate of one dollar for each and every thousand
feet of sound pine trees, suitable for making merchantable boards,"
one fourth part to be paid on the delivery of the deed, and the
residue in three annual payments, secured by a mortgage of the
premises.   The quantity of timber was to be determined by three
persons named in the paper, and the plaintiff was to prepare and
have ready at a place also named, a good deed of warranty of the
land within ten days after receiving the report of the quantity of
timber, subject to a mortgage made by the plaintiff thereon for a
part of his purchase money.   The plaintiff agreed to give an ob-
ligation to pay off that mortgage, or to take the amount due on the
same in part payment.   The defendant agreed, that he would make
the purchase of the land on the terms, and would within ten days
after notice of the deed being ready, be there prepared to make
the payments and complete the purchase.   The concluding part of
the agreement, excepting the dates, was: " And the parties afore-
said do hereby respectively bind themselves each to the other in
the sum of five hundred dollars, for the faithful performance of the
several agreements herein above entered into, together with the
expense of the survey."   The persons agreed on made their esti-
mate of the quantity of timber, both parties being present at the
time, and gave notice to each of their doings.   While they were
examining the timber, one of the committee, with the knowledge of
both parties, and neither objecting thereto, was absent one day.
The plaintiff left a deed according to the agreement at the place,

and also some other papers, whose contents did not appear; and the defendant was seasonably notified thereof, but neither said nor did any thing. *Emery J.*, presiding, instructed the jury, that the sum of five hundred dollars, mentioned in the bond, was liquidated damages, and not a penalty. The verdict was for that sum and interest from the date of the writ, which verdict was to be set aside, if that instruction was erroneous.

*Adams*, for the defendant, contended, the sum of $500, mentioned in the instrument, was to be considered but a penalty attached to the non-performance of the condition, and not as damages fixed on by the parties for any and every failure in complete and full performance. The intention of the parties was, that this should be the extent of their liability, and that the real damages only should be given. This is precisely the case contemplated in the *Rev. St. c.* 50, § 2. He cited and commented upon the following authorities. *Perkins* v. *Lyman*, 11 *Mass. R.* 76; *Smith* v. *Dickinson*, 3 *B. & P.* 630; *Brown* v. *Bellows*, 4 *Pick.* 179; *Merrill* v. *Merrill*, 15 *Mass. R.* 488; *Stearns* v. *Barrett*, 1 *Pick.* 451; *Dennis* v. *Cummins*, 3 *John. Cases*, 279; *Lowe* v. *Peers*, 4 *Bur.* 2228; *Roy* v. *Duke of Beaufort*, 2 *Atk.* 190; *Graham* v. *Bickham*, 4 *Dallas*, 149.

*W. P. Fessenden*, for the plaintiff, said, that upon the facts, the plaintiff was clearly entitled to recover something. The deed was to be given up only when payment is made. *West* v. *Emmons*, 5 *Johns. R.* 179. It is difficult to state any fixed rules adopted by the Courts on the main question, whether the sum was to be considered a penalty, or as liquidated damages. In this case, the defendant was not to do many things, but one thing, to purchase and pay for the land. Perhaps the best rule may be, that where the Court would not interfere on a bill in equity to grant a specific performance, but leave the parties to their remedy at law, the sum specified is to be considered as liquidated damages. *Slosson* v. *Beadle*, 7 *Johns. R.* 72; *Tingley* v. *Cutler*, 7 *Conn.* 291. Generally, where a small sum is fixed to ensure the performance of a large contract, the sum specified is to be considered as liquidated damages. The Court are to be governed by the intention of the parties. No case has been found, where the sum was held to be liquidated damages, when the word penalty was used; but with

that exception, no particular form of words is necessary to make it one or the other. Where all the prominent circumstances are combined, as in this case, tending to show that the sum was intended to be liquidated damages, the Court cannot hesitate. *Kemble* v. *Farren*, 6 *Bing.* 141 ; *Lowe* v. *Peers*, 4 *Bur.* 2229 ; *Fletcher* v. *Diche*, 2 *T. R.* 32 ; 1 *Dane*, 549, § 18 ; 2 *Ver.* 119 ; 3 *Taunt.* 469 ; 3 *B. & Ald.* 695.

After a continuance, for advisement, the opinion of the Court was drawn up by

WESTON C. J. — The persons appointed to explore the land, and ascertain the quantity of pine timber thereon, fit to make merchantable boards, appear to have discharged their duty faithfully, and to the acceptance of the defendant. We do not think, that the absence of one of them one day, the defendant being present and making no objection at the time, can now fairly be urged by him to impair the validity of their report, under the agreement of the parties.

The plaintiff, within ten days after receiving their report, prepared, executed and deposited at the place appointed, a deed of the land he was to convey, in conformity with his covenant. The defendant was at his option to assume, as a part of the consideration the payment of the notes given by the plaintiff, when he purchased the land, and which were secured by mortgage, or the plaintiff was to execute to the defendant an obligation to pay those notes himself, on or before their arriving at maturity. The defendant having made no election upon this point, and having failed altogether to perform the covenants on his part, the execution of such an instrument cannot be regarded as a condition precedent to the plaintiff's right to maintain this action. Whether to be performed or not, depended upon the election of the defendant, of which he should have given notice to the plaintiff.

The parties bound themselves, each to the other, in the sum of five hundred dollars, for the faithful performance of the stipulations by them respectively made. The principal question presented to us is, whether this is a penalty, or in the nature of liquidated damages.

In *Perkins et al.* v. *Lyman,* 11 *Mass. R.* 76, the covenants were negative on the part of the defendant ; and he bound himself in the " penal sum" of $8000, and from the whole contract taken together, there was nothing requiring, that it should be held in the nature of damages, agreed by the parties. In *Merrill* v. *Merrill,* 15 *Mass. R.* 488, the plaintiff recovered the full value of the consideration of the note, which was susceptible of a just estimate. In *Stearns* v. *Barrett,* 1 *Pick.* 443, the parties had covenanted that neither should use or sell certain machines in the district assigned to the other " under the forfeiture of a thousand dollars," for each machine so sold or used. This was decided to be a forfeiture or penalty, because so denominated by the parties ; but principally because it far transcended the estimated value of the whole property in controversy. In *Brown* v. *Bellows,* 4 *Pick.* 179, the parties bound themselves each to the other, " under the penalty" of one thousand dollars. And in *Smith* v. *Dickerson,* 3 *B. & P.* 630, the defendant entered into a certain engagement, " under a penalty" of one thousand pounds, and the court held that the word " penalty" in the agreement, effectually prevented them from considering the sum mentioned as liquidated damages.

The foregoing are the principal cases cited for the defendant, which are all distinguishable from the one before us. The word penal, penalty, forfeit or forfeiture, is not to be found in the instrument under consideration. Nor does it afford any data, from which the actual damage, either party might sustain from the failure of the other, can be calculated. This want of any other measure of damages, than that fixed by the parties, is one of the reasons why they have been regarded as liquidated. *Fletcher* v. *Dyche,* 2 *T. R.* 34. And *Dane* is of opinion, that they should be so held, " whenever it is the best rule in the case, from the uncertainty in applying any other, for want of a measure of damages." 1 *Dane,* 549, § 18. Wherever the damages have been positively fixed by the parties, they have been held to be liquidated. As in *Lowe* v. *Peers,* 4 *Burrow,* 2225, where the defendant agreed to pay the plaintiff a thousand pounds, if he married any body else. So in certain cases cited for the plaintiff, where a sum has been settled as damages per acre, for ploughing up meadow or pasture land,

In *Tingley* v. *Cutler*, 7 *Conn.* 291, the defendant had agreed to purchase an estate of the plaintiff, and to pay therefor at the times and in the manner stipulated. There was a further clause on the back of the agreement, signed by the defendant, in these words, " if *Elisha Cutler* does not perform, according to the within instrument, he shall pay the sum of one hundred and fifty dollars." This was held to be, not a penalty, but liquidated damages.

There is great difficulty in extracting from the cases any settled rule, by which the question may be decided. But as the sum stated by the parties is unaccompanied by any terms, indicating that they regarded it as penal, and as the case affords no other measure of damages equally satisfactory, we are of opinion that the jury were properly instructed, that the parties had settled and liquidated their amount. Nor is there any objection to the application of this rule, upon the ground that the amount is extravagant. It bears but a small proportion to the value of the property involved in the contract. Its fulfilment might have been attended with great gain, or it might have occasioned severe loss. It appears to have been fairly made, without any ingredient of fraud or imposition; and by holding the recusant party to the payment of the stipulated damages, we carry into effect what each must be understood to have contemplated.

*Judgment on the verdict.*