## John Gowen *vs.* Ansel Gerrish.

The lawful intention of the parties, in a case free from fraud, where it can be ascertained, must have a decisive influence, in determining whether the sum stated in the instrument is to be regarded as a penalty, or as liquidated damages.

Exceptions from the Court of Common Pleas, Whitman C. J. presiding.

Debt upon a sealed instrument of which the following is a copy. " Know all men by these presents, that whereas *John Gowen* of *Shapleigh* has given me a bond to convey certain real estate of the amount of $6000, a long day of payment given, and no mortgage conveyance for security, that I, *Ansel Gerrish* of *Shapleigh*, do bind myself and am firmly held unto said *Gowen* in the full and just sum of seven thousand dollars well and truly to be paid unto the said *Gowen*. Dated and sealed with my seal, the 27th day of *May*, 1835. The condition of this obligation is such, that if the said *Gerrish* does not become surety to any person in any sum of money, or any kind of obligatory writing, except for said *Gowen*, until said six thousand dollars and interest are fully paid, then this obligation shall be void, otherwise on the first liability of the least magnitude, this obligation to be in full force for the sum of seven thousand dollars forthwith by suit against me." The bond was in

the handwriting of one of the parties. On the trial it was shown, that on the same 27th of *May*, 1835, the land was conveyed by the plaintiff to the defendant; that the notes given for the consideration money were unpaid; and that before the commencement of this suit, the defendant had become surety for others than the plaintiff. At the trial, and at the argument of the case, the notes were offered to be delivered up to the defendant. The counsel for the plaintiff contended, that they were entitled to recover the sum of seven thousand dollars, as damages liquidated by the parties in the bond. The Chief Justice of the Common Pleas instructed the jury, that this was to be considered a bond with a penalty, and subject to chancery; and that the plaintiff was entitled to recover only the damages actually sustained, which in this case were merely nominal. The verdict for the plaintiff was for but one dollar, and he filed exceptions.

*Hayes* and *J. Shepley* for the plaintiff, and *D. Goodenow* for the defendant, in addition to their argument relative to the intention of the parties, made some legal points, and cited several authorities; but it is deemed unnecessary to give them.

The case was continued for advisement, and the opinion of the Court was subsequently drawn up by

WESTON C. J. — The language of the instrument, upon which this action is brought, is peculiar; but we think it is not difficult to understand what the parties intended. The defendant had obtained from the plaintiff a long credit, upon a contract for the purchase of real estate. His ability to pay might be greatly impaired, by his becoming surety for others. To relieve the plaintiff from the hazard thence arising, the defendant obligated himself, that if he did become surety for any one, while the purchase money remained unpaid, the term of credit given to him should cease, and the plaintiff might enforce immediate payment, by means of the bond. This it appears to us, is what the parties must have designed. The sum secured by the bond, exceeded by one sixth part the price agreed to be given for the estate; but this must have been intended to secure the accruing interest. Upon this view of the case, the parties have afforded a measure of damages, susceptible of exact calculation, from which neither the Court nor the jury are at

liberty to depart. The bond when enforced, is a substitute for the other security, given upon the extended credit. And it is to be limited to the original price, with the interest, which may have accrued. The obligation of the other security will no longer remain in force; and it should be given up to be cancelled.

If the subsequent renewal of a liability, existing at the date of the bond, might not be a breach of its condition, the amount for which the defendant became surety, in *January*, 1836, was for a greater sum, than that which he had before assumed, by which the defendant became liable to an action on the bond, by its express terms.

The lawful intention of the parties, in a case free from fraud, where it can be ascertained, must have a decisive influence in determining, whether the sum stated is to be regarded as a penalty, or as stipulated damages. We had occasion to consider the cases upon this question in *Gammon* v. *Howe*, 14 *Maine Rep.* 250.

In our opinion the jury were not properly instructed by the presiding Judge, as to the rule of damages. The exceptions are accordingly sustained, the verdict set aside, and a new trial granted.