ISAAC HODGES, Executor *vs.* JOHN KING, Jr.

In an action on an agreement for the payment of a certain sum if the promisor should not do a certain act, where the question is, whether such sum is a penal one or liquidated damages, parol evidence is admissible concerning the subject matter of the agreement, so far as respects the situation of the parties, and the facts relating to the agreement, and especially to the consideration thereof.

A. purchased of B. an execution for $80 against C., and also C.'s note for $370, and several years' interest thereon, which note was secured by a mortgage of C.'s land, and the mortgage had been assigned to D.: For this execution and note A. gave B. a note for $580, and B. gave A. a bond for the payment of $580: The condition of the bond was, that B. should procure D. to assign said mortgage to A. within one year; and A. engaged, upon payment of $580 to him by B., to give back C.'s note to B.: B. failed to procure an assignment of the mortgage to A. by D., and A. brought an action against B. on the bond. *Held,* that the sum of $580 was liquidated damages.

DEBT on a bond executed by the defendant on the 27th of December 1837, for the payment of $580 to Nathan Drury, the plaintiff's testator. The condition of the bond was thus : " Whereas said Drury has purchased of said King a certain promissory note against Otis Hodge, jr., dated March 24th 1832, for the sum of $370 and interest — said note is payable to one Simon H. Ray or bearer, and said note is secured by mortgage to said Ray, dated March 24th 1832, and said mortgage is assigned by said Ray to Benjamin F. Robinson, and by said Robinson to James E. Marshall, and by said Marshall to Turner & Laflin — and whereas said King has agreed to procure an assignment of the said mortgage from said Turner & Laflin, or from some person legally authorized by them to assign the said mortgage to said Drury within one year from the date hereof, or, in case said King does not procure an assignment from said Turner & Laflin, or some person legally authorized by them to make an assignment by them to said Drury, said King shall pay or cause to be paid to said Drury, or his heirs, executors, or administrators, the said sum of $580 and interest on the same, then this bond shall be void ; otherwise, to remain in full force and effect." On the back of the bond was the following memorandum :

" Due on Otis Hodge, jr.'s note secured by mortgage    -    $497·65
Expenses paid by King    -    -        -    -    -    -    2·35

December 22d 1837.                                $500·00

Hodges, Executor *v.* King.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| N. Drury gave his note to King for | - | - | - | | $500 — Mt. | | |
| N. Drury gave his note to King for | - | - | - | | 80 — Extn. | | |
| | | | | | $580 | | |
| Paid to Holipin | - | - | - | - | - | - | 14·65 |
| | | | | | $594·65 Due. | | |
| | To Rob. | - | - | - | 450·00 | | |
| December 22d 1837, | | | | | $1044·65 Due." | | |

The following writing was also on the back of the bond : " If said King shall fail to procure an assignment of the mortgage within named to said Drury, and shall tender to said Drury, or pay to said Drury, the sum of $580, and interest on the same ; if said Drury shall receive the said $580, and interest, then said Drury shall give up to said King the note within mentioned against said Hodge. It is, however, to be optional with said Drury, to give the note to said King or not. If said Drury shall refuse to give up the note within mentioned to said King, said King not to pay said Drury any thing. N. Drury." Annexed to the bond was the deposition of E. B. Penniman, stating that the bond was drawn by him, and executed by the defendant in his presence ; that the agreement of said Drury, on the back of the bond, was drawn by the deponent ; also, that the memorandum on the back of the bond was made by him, at the same time, " down to figures of $580, and also the lower date of December 22d 1837 ; " and that the other writing and figures of said memorandum were in the handwriting of Nathan Drury, but were not put upon the bond when it was executed : That said Drury gave to the defendant two notes of hand, one of $500, and one of $80, at the time of the execution of the bond, and according to said memorandum ; that the sum of $580 was the amount of two different transactions, one for the note, the other for an execution against Otis Hodge. The deponent further stated, that he " should say," but was " not positive as to the fact," that Otis Hodge gave to Drury, at the time the bond was executed, a quitclaim deed of " the premises named in the bond."

In the court of common pleas, the defendant admitted a breach of the condition of the bond, and submitted to a default

He then moved for a hearing in chancery, to ascertain the sum for which execution should issue. The plaintiff objected to this motion, on the ground that the sum of $580 and interest was not a penal sum, but liquidated damages. The court overruled this objection, and decided that the sum mentioned in the bond was a penal sum, and accordingly ordered that judgment should be entered for said sum and interest thereon from the date of the writ, and that execution should issue for such sum as should be adjudged by the court, on a hearing in chancery, according to the Rev. Sts. c. 100, § 9. The plaintiff thereupon alleged exceptions.

*Robinson & D. N. Dewey*, for the plaintiff. The sum mentioned in the bond was liquidated damages. Drury's purpose was to obtain title to the land under the mortgage, by an assignment of the mortgage by Turner & Laflin; and the time within which that assignment was to be made was limited to one year. If not made within a year, the defendant was to pay $580 and interest. Drury was not to wait and see whether he sustained any damages by not having an assignment of the mortgage. Heath, J. says, "where it is agreed that if a party do such a particular thing, such a sum shall be paid by him, then the sum stated may be treated as liquidated damages." 2 Bos. & Pul. 353. The rule must be the same where a party agrees that if he does not do a certain thing he will pay a certain sum. See *Lowe* v. *Peers*, 4 Bur. 2228. *Smith* v. *Smith*, 4 Wend. 468. *Knopp* v. *Maltby*, 13 Wend. 587. *Heard* v. *Bowers*, 23 Pick. 455. *Pierce* v *Fuller*, 8 Mass. 223.

The memorandum on the bond shows that the defendant received $580; and the provision that interest should be paid on that sum tends to show that the sum was liquidated damages. The deposition of Penniman was admissible for the purpose of showing that liquidated damages were intended by the parties. *Perkins* v. *Lyman*, 11 Mass. 81.

*Byington*, for the defendant. The testimony of Penniman is inadmissible, as it *adds to* the bond, instead of merely showing the circumstances that attended its execution. But if that testimony be admissible, then it shows that Drury received an

execution for $80; and the presumption is, that he collected it. If he did collect it, then he has not suffered damage to the amount of $580, and should not recover that amount. And if he received a quitclaim deed from Otis Hodge, as Penniman believes he did, he has suffered no damage at all from the defendant's failure to obtain an assignment of the mortgage.

The sum of $580 is more than the admissible evidence shows that the defendant received of Drury, with the addition of lawful interest thereon for one year, viz. nearly 24 per cent. per annum on $500.

HUBBARD, J. The only question in this case is, whether the sum of money which the defendant promised to pay, if he did not procure an assignment of the mortgage, is to be considered merely as a penalty, or whether it is the sum agreed upon to be paid, in case he fails in his engagement. This, as has been determined in *Perkins* v. *Lyman*, 11 Mass. 81, is a question of construction; therefore the subject matter of the contract may be inquired into, so far as respects the situation of the parties and the facts relating to the agreement; not however for the purpose of controlling the language, where that is clear and explicit, but to ascertain the circumstances out of which the contract originated, and especially in regard to the consideration *Clapp* v. *Tirrell*, 20 Pick. 247.

If this agreement had not been expressed in the form of a bond with condition, it would then, we think, be very clear that the actual sum to be paid by the defendant was adjusted and settled at the time of making the contract.

Agreeably to what we have observed before, the deposition of Penniman, though not competent to control the construction of the instrument declared on, is admissible to explain the circumstances under which the bond originated; to show that the indorsement on the instrument was made at the same time, and is to be taken as part of it; and to give the facts in relation to the consideration.

From this it appears that the sum of $580 had been actually advanced by Drury in his notes to King, one for $500 and another for $80, for which he received no other consideration

than the note of Otis Hodge, on which was due about $500, and an execution against Hodge for $80. The note of Hodge was originally secured by mortgage ; but the mortgage had been assigned without the note, and at that time was not in the possession of King. By the instrument in suit, King agreed to procure the assignment of the mortgage to Drury within a year, and if not, to pay back the sum of $580 with interest: And upon these facts, we are of opinion that this instrument is not to be considered as in the nature of a penalty, and the damage sustained to be ascertained by the value of the mortgaged property, but as an agreement to pay back the $580 with interest, if the assignment of the mortgage could not be procured, upon Drury's giving back the note of Hodge.

The only doubt as to this arises from the sum of $80, said to be paid for an execution ; and it has been suggested that this was a mere cover for usury. But this suggestion is not brought forward in such a manner as to authorize the court to take notice of it ; and in relation to the execution, very little information is given, and no evidence of its value. And we cannot, on the whole, consider it as affecting the agreement of the parties as to the actual amount to be paid, in case the mortgage should not be assigned, and to convert the instrument into a mere penal engagement.

It is often a doubtful question whether the sum stipulated to be paid on the non-performance of a condition is in the nature of a penalty, or is the amount settled by the parties for the purpose of making that certain which would be otherwise uncertain In a case like the present, but little light can be derived from authorities. It must rest on the construction to be given to the language used, aided by the facts proved, which gave birth to the instrument. And here it appears that the defendant, having received $580 from Drury, did agree to procure for him the as signment of a certain mortgage, and in default of it, to pay him back the $580 and interest, without reference to the execution. And we think this was settling the actual sum to be paid, and that it was not intended to leave the amount in uncertainty and to depend upon unforeseen contingencies.

The bond has indeed a condition ; but that is matter of form, and cannot turn that into a penalty which, but for the form, is an agreement to pay a precise sum under certain circumstances. And the agreement to pay interest on the sum is a strong cor roboration of this construction of the instrument; as in penal bonds such a provision is not made, but the party relies on the penalty as the means of furnishing full indemnity for all that may be payable for a breach of the condition.

On the whole, we are of opinion that the damages were liquidated by the parties. The exceptions are therefore sustained, and as no payment is shown to have been made, judgment will be entered for the sum of $580, with interest from the time it was payable.