WILLIAM R. BURRILL *vs.* W. T. DAGGETT.

Somerset. Opinion December 1, 1885.

*Bond. Penal sum. Liquidated damages. Barber-shop.*

Where a bond in the usual form was given in the sum of five hundred dollars, conditioned that the obligor should never open and keep a barber-shop within a certain town, the sum named will be regarded as a penalty and not as liquidated damages.

In such cases the intention of the parties is to govern, and for that purpose it is necessary,

1. To look at the whole instrument.
2. Its subject matter.
3. The case or difficulty in measuring the breach in damages.

4. The magnitude of the stipulated sum, not only as compared with the value of the subject of the contract, but in proportion to the probable consequences of the breach.

ON REPORT on agreed statement of facts.

Debt on bond of five hundred dollars.

The condition of the bond was in the following words :

"Whereas, the above bounden W. T. Daggett, has this day sold to the said Burrill his furniture, fixtures, tools of trade, etc., now in the room formerly occupied by said Daggett as a barber-shop, and has agreed and does hereby agree never at any time after this date to open and run a barber-shop in said Fairfield.

"Now the condition of this obligation is such that, if the said Daggett shall well and truly keep his said agreement, and never open and keep a barber shop in said Fairfield, then this obliga-tion shall be void, otherwise it shall remain in full force and effect."

The opinion states other material facts.

*Potter and Lancaster*, for the plaintiff, on the question of the validity of the bond, cited : 2 Chitty, Contr. 982, 984 ; *Whitney* v. *Slayton*, 40 Maine, 229 ; *Warren* v. *Jones*, 51 Maine, 146 ; *Caswell* v. *Johnson*, 58 Maine, 164 ; *Holbrook* v. *Tobey*, 66 Maine, 410 ; *Pierce* v. *Woodward*, 6 Pick. 206 ; *Perkins* v. *Lyman*, 9 Mass. 522 ; *Pierce* v. *Fuller*, 8 Mass. 223.

The counsel contended that the penal sum named in the bond should be considered as the liquidated damages. The case of *Holbrook* v. *Tobey*, *supra*, is almost identical with the case at bar. It differs only in the names of parties and kind of business. It fully sustains our view. No stronger argument or longer array of authorities in support of our position can be found than in that case.

*Brown and Carver*, for the defendant.

The bond being in restraint of trade and business should be carefully scrutinized and limited in its application to such purposes and object only as are clearly and unmistakably expressed in its terms. The law does not favor forfeitures.

Applying the rules of construction and interpretation to the

bond in suit, the purpose is fully ascertained. It was to prevent. the obligor from opening a new barber-shop in a village where: there already was three, and as many as the place would support. That this was the intention and understanding of the parties is. evident not only from the circumstances under which the bond was given and the facts then existing, but also from the peculiar language used in the bond itself. It did not prohibit the defend-- ant from working as a journeymen in the shop of another, of run- ning and managing a shop for another, or of buying out another: shop already opened. Only that he could not " open and run " another shop.

On the question of damages if there had been a breach,. counsel cited: Sedgwick, Damages, (5 ed.) 456; 52 Maine,. 271; *Henry* v. *Davis*, 123 Mass. 345; *Whitney* v. *Slayton*,. 40 Maine, 224; *Philbrook* v. *Burgess*, 52 Maine, 271; *Caswell* v. *Johnson*, 58 Maine, 164; *Stearns* v. *Barrett*, 1 Pick. 443; 4 Pick. 178; 11 Mass. 76; 15 Mass. 488; 23 Pick. 455; 1 Mass. 191; 5 Met. 61; 11 Allen, 133; 13 Allen, 19; 9 Pick. 534; 4 Cush. 381; 14 Gray, 165; 99 Mass. 388; 4 N. H. 376; 19 Cal. 380; 50 Ill. 491; 11 Gray, 212; 25 Penn. 424;. 41 Penn. 206; 24 Wend. 244; 26 Wend. 630; 5 Cowan, 144; 1 Denio, 464; 7 Wheaton, 13; 11 Texas, 273; 14 Ark. 315;. 42 Mo. 545; 17 Barb. 260; 54 Penn. St. 326; 30 Am. R. 26, 607; 32 Am. R. 457; 32 Am. R. 150; 2 Greenl. Ev. § 257–8..

FOSTER, J. On the day of the date of the bond in suit the defendant sold to the plaintiff his barber-shop, tools, fixtures,. furniture, stock and good will of trade in said shop, for the sum of three hundred dollars. As a part of the consideration of the purchase he gave the plaintiff the bond in suit in the penal sum of five hundred dollars, conditioned, among other things, never to open and keep a barber-shop in the town of Fairfield. Nearly two years after the sale and the giving of this bond, the defend- ant bought out a barber-shop in an adjoining building, and since that time has continued the business of barbering, working at the barbers' trade in said shop.

The only questions in controversy are whether there has been a breach of this bond, and if there has been, whether the sum

mentioned is to be regarded as a penalty, or as liquidated damages.

The plaintiff contends that there has been a breach of the bond, and that he is entitled to recover the above named sum of five hundred dollars as liquidated damages.    The defendant denies that there has been any such breach, and claims that his purchase of another barber-shop, which was in operation at the time, and his continuation of the barbering business therein, working himself at his trade, is not opening and keeping a barber's shop, and therefore not within the engagement.

We are not inclined to adopt the defendant's view of this question.    Although there may not have been more than two other shops of the kind in the village, as the case shows, at the time the defendant sold to the plaintiff, it may well be inferred that it was the understanding of the parties, from the language of the bond, viewed in the light of the attendant circumstances as disclosed in the case, that the defendant was not again to engage in the business by keeping a barber-shop.    He sold to the plaintiff not only his shop, tools, etc., but also his good will in the business.    It was against the competition of the defendant that the plaintiff intended to provide; and whether the defendant bought out and kept another barber-shop, or opened and kept one independently of any in operation at the time, still continuing the business and working at his trade, it would be a violation of the condition of the bond.

The remaining question, then is whether the five hundred dollars shall be regarded as liquidated damages, or only security for the damages actually sustained.    And whether the sum named in instruments of this nature is to be regarded as penalty or liquidated damages, is not always free from difficulty.    It must rest, however, upon the construction to be given to the language used, and there are certain principles that may be resorted to in most cases to aid in determining this question.

The bond is in the usual form, and the general rule and preference of the law, in such cases, is that the penal sum therein named is to be regarded as a penalty, and not as liquidated damages.    *Smith* v. *Wedgwood*, 74 Maine, 459 ; *Cushing* v. *Drew*,

97 Mass. 446; *Henry* v. *Davis*, 123 Mass. 346. Yet courts endeavor to learn the real intent of the parties to the contract, and if that can be ascertained, will be governed by it. "It is always a question of construction, on which, as in other cases where the meaning of the parties in a contract provable by a written instrument arises, the court may take some aid to themselves from circumstances extraneous to the writing. In order to determine upon the words used, there may be an inquiry into the subject matter of the contract, the situation of the parties, the usages to which they may be understood to refer, as well as other facts and circumstances of their conduct." *Perkins* v. *Lyman*, 11 Mass. 81. This is not done for the purpose of modifying or controlling the language used, but the more clearly to interpret the true meaning of that language, aided by the circumstances that gave birth to it. To determine whether the sum named is intended as a penalty or as liquidated damages, the court in Pennsylvania, in *Streeper* v. *Williams*, 12 Wright, 454, say that it is necessary to look at the whole instrument, its subject matter, the ease or difficulty in measuring the breach in damages, and the magnitude of the stipulated sum, not only as compared with the value of the subject of the contract, but in proportion to the probable consequences of the breach.

In accordance with these principles our own court, in the case of *Holbrook* v. *Tobey*, 66 Maine, 414, has adhered to the same doctrine. Mr. Justice WALTON, after stating that if a party binds himself in a certain sum not to carry on any particular kind of business within a certain territory, or within a certain time, the sum mentioned will, in general, be regarded as liquidated damages, says : "Of course, if the sum named should be out of all proportion to any possible damage which the plaintiff could sustain, the court would hold otherwise, upon the very reasonable presumption that the parties never could have intended that the sum named should be regarded as liquidated damages."

In the case at bar there is no express agreement in the bond that the sum named shall be regarded as liquidated damages. Nor are we able to find anything in the language of the bond, the subject matter of the contract, or the nature of the case,

that would justify a conclusion that this sum was intended by the parties to be the stipulated and ascertained damages in case of a breach. We may properly consider the fact that the parties were negotiating in reference to a business of not very great magnitude, and that the whole consideration paid for the subject matter of the purchase was much less than the sum named in the bond. And when we further take into consideration the situation of the parties, as well as the proportion that this sum bears to the probable consequences of a breach, we can arrive at no other conclusion than that it was the intention of the parties that the sum named should be considered only as security for whatever damages might be sustained upon breach of the bond.

The case of *Caswell* v. *Johnson*, 58 Maine, 165, is very similar to this, and the language of the two instruments so nearly identical that no extended reference to it is necessary ; and in that case the court arrived at the same conclusion as in this. In accordance with the stipulation in the report the entry may be,

*Case sent back for trial on the damages.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.