## WHITTEY v. DOUGE.

1..DEFAULT.   A defendant in default is regarded as having admitted the
cause of action.   Evidence is necessary only to establish the amount
of damages for which judgment shall be rendered.

*Appeal from Fremont District Court.*

FRIDAY, NOVEMBER 4.

THE plaintiff sued before a justice of the peace to recover
back an amount of the school tax paid to, and collected by
the defendant, as secretary of the district, and which is al-
leged to be illegally assessed.   The justice rendered judg-
ment for the plaintiff, and the defendant appealed to the
District Court.   Before the justice the defendant made default,
filing no answer and making no defense.   An execution was
issued and returned satisfied before the appeal was taken.
On the trial in the District Court, the plaintiff offered in
evidence the receipt of the defendant, showing the amount
of tax paid, and the evidence of one Waid, president of the
school district; to show that no warrant for the collection
of the tax had ever been issued.   The court held this evi-
dence inadmissible, and rendered judgment for the defend-
ant.   Plaintiff appeals.

*John A. Kasson*, for the appellant.

*Rector & Harvey*, for the appellee.

WOODWARD, J.—This case is very imperfectly made up, and it is not easy to extract its substance. But the main difficulty appears to be, that while the defendant was in default, the court undertook to find as upon the whole case. In the justice's court he did not answer, and the same was the state of the case, of course, in the District Court. He being in default the only matter to be found was the amount of damages, which was shown by the defendant's receipt. He admitted the cause of action, and consequently the testimony of Ward was not necessary.

The court appears to have held the plaintiff to make out the entire case, which was not necessary under a default. It was not error in the court to refuse to affirm the judgment of the justice, on the motion of plaintiff, upon the ground that the case was not docketed until the first day of March. This was five days before the setting of the court. The cause is not presented in such a manner as to make any question in relation to the legality of the tax, or the liability of the defendant. The proceedings are the only matters in issue. The judgment of the District Court is reversed.

## GENERAL NOTE.

GATES & Co. v. GOULD, ET AL.—The defendants were sued in the District Court of Wapello county, on a joint and several promissory note. Two of them answered, admitting the execution of the note and that the amount claimed thereon was due; and asking that judgment be rendered against them; which was done. The other defendant answered, alleging that he signed the note as surety, at the procurement of plaintiff, upon certain false and fraudulent representations and promises by them made. To support these averments, he offered as witnesses the other defendants, the promisors in the note. They were permitted to testify. The verdict and judgement were for this defendant and the plaintiffs appeal:

This court affirmed the judgment of the court below, following *Danforth, Davis & Co.* v. *Carter & May* 4 Iowa 230, and *Greenough, Cook & Co.* v. *Sheldon et al., ante.*

HALLOCK v. SLATER.—Plaintiff sued in the Appanoose District Court on a written instrument of the tenor following :

Know all men by these presents, that I, John M. Slater, am indebted to Joseph D. Hallock, and Susannah, wife of Joseph D., in the sum of two hundred dollars, to be void upon the following condition: If the said Slater shall furnish the said J. D. and Susannah Hallock with the necessary food, raiment and house room suitable to their condition, for a comfortable living when well, and with necessary medical attendance when sick, during the term of their natural lives, then this obligation to be void, but if the said Slater shall fail to comply with the above condition, *then this obligation to be in force for the full amount*, it having been given for the valuable consideration of two hundred dollars. Witness my hand, this September 2nd, 1853.            JOHN M. SLATER.

The court below instructed the jury "that the bond sued on has liquidated, and fixed the damages for a breach of the same, at two hundred dollars."

General Note.

This court, following *Foley* v. *McKeegan* 4 Iowa, 1, and *Sweem* v. *Steele*, 5 Ib. 352; [and *Lord* v. *Gaddis, ante*] *held* that "the bond is to be treated as a penalty and not as liquidated or fixed damages." The judgment below was reversed for the error in the instruction of the court.

WRIGHT, C. J., was not present when *Reed* v. *Chubb Bro., Barrows & Co.,* and *Zinn* v. *Williams, ante*, were determined. In *Stadler, Bros. & Co.* v. *Parmelee & Watts*, which will be reported in TENTH volume, he dissents from the holding of the court in those cases, that a defendant "in an attachment suit may set off on the trial of the main action, the damages resulting to him by reason of the wrongful suing out of the attachment."