## ARMS v. STOCKTON et al.

1. SWORN PLEADING AS EVIDENCE.   A verified replication in response to an answer which did not demand a replication under oath, was not, under the Code of 1851, equivalent to the evidence of one witness.
2. CO-DEFENDANT COMPETENT WITNESS.   A defendant who has permitted judgment to be rendered against himself for the amount of plaintiff's claim, is a competent witness for his co-defendant, following *Danforth, Davis & Co.* v. *Carter and May,* 4 Iowa 230; *Greenough, Cook & Co.* v *Shelden et al.,* Ib: 559.

*Appeal from Henry District Court.*

TUESDAY, OCTOBER 22.

*Nash & Berryman* for the appellant, relied upon the following authorities : *The State of Iowa* v. *Tilghman,* 6 Iowa 496; *Davis* v. *Stevens,* 3 Ib. 158; *Pierce* v. *Wilson,* 2 Ib. 20 *Clark* v. *Langworthy,* 3 Ib. 563. ·

*T. W. Woolson* for the appellee.

LOWE, C. J.—Under §§ 2094-5, the plaintiff, a vendor, filed his petition to obtain judgment for the balance of the purchase money, and to foreclose the defendant's equity of redemption in the purchased premises. Separate answers are filed. The defendant, Stockton, fully admitting all the facts stated in the petition, sets up no defense whatever. His co-defendant, Morton, also, admits himself a joint purchaser of the premises, and maker of the notes described. But alleges in avoidance of his liability, that subsequent to the purchase and the delivery of said notes, he had sold out and relinquished all his right and interest in said property to his co-defendant, with the knowledge and consent of the plaintiff; and that then and there an agreement was entered into with the full concurrence of all the parties, under which the defendant, Morton, should be released from all liability on said notes, in consideration that the said Stockton would execute a mortgage on his homestead to secure to the plaintiff the two notes described in the petition, and also two other small notes held by plaintiff against the said Stockton, which was accordingly done.

This answer was sworn to, although no such verification was called for in the petition ; nor did the answer call for a sworn replication, yet such a replication was filed expressly denying any such contract or arrangement as was set forth in the answer.

The facts stated in the answer are quite fully supported by the testimony of Stockton, which was objected to on the ground of its incompetency, want of credibility, and finally

if these objections were not tenable, then upon the ground of its insufficiency in overcoming the sworn replication of the plaintiff without more. This last objection has already been anticipated and answered. As to the second, we see nothing in the testimony that would authorize us to disbelieve the statements of the witness. It is true the conduct of the witness in mutilating and removing a part of the improvements on the lots which he had mortgaged to plaintiff to secure to him this, and other debts, we think inexcusable, still it goes a very small way toward impeaching his veracity as a witness, whilst on the other hand there were other facts, unnecessary now to detail, which did go to corroborate his statements.

The question of competency is predicated upon the fact that the witness was called upon to testify by his co-defendant. It will be remembered that the witness in his answer fully confesses the cause of action against him, and so far as he is concerned, interposes no objection to a judgment against himself. This, upon the following authorities, obviates his incompetency, being directly against his own interest. *Danforth, Davis & Co.* v. *Carter & May*, 4 Iowa 230; *Greenough, Cook & Co.* v. *Shelden et al.*, 9 Iowa 599; *Gates & Co.* v. *Gould et al.*, Ib. 699.

Upon the testimony of Stockton, who sustains Morton's answer, the court below, we suppose, entered the usual decree against Stockton alone, discharging Morton. This last act of the court is made the sole ground of complainant in this court. In this, the court did not err, and the judgment below is

Affirmed.