## YENNER VS. HAMMOND.

36   277:
76   670
36   277
92    31
36      277
83 Minn 528

CONTRACTS: DAMAGES: EVIDENCE. (1) *Rule of damages for breach of land contract.* (2) *Consideration expressed in deed*, prima facie *evidence.* (3) *Whether parol evidence admissible to show less consideration, not decided.* (4) *Parol evidence of the "whole transaction" rejected.* (5) *Vendee may recover consideration paid on vendor's failure to convey.* (6) *"Penalty" construed strictly; actual damage must be shown.* (7) *Whole agreement looked to, in determining whether penalty or liquidated damages.* (8) *Rule applied to this case.*

A. conveyed land to B., the consideration named in the deed being $700. In payment of the consideration of such conveyance, B. gave A. a contract to convey to the latter other land, the consideration named in such contract being $700; and, in case of his failure to convey, he covenanted to pay $700 "as a penalty." B. having failed to convey, A. brings this action for his damages. *Held,*

1. That in the absence of the clause in B.'s contract relating to a . penalty, A. would be clearly entitled to recover the actual consideration for which his land was sold.

2. That the consideration expressed in the deed is at least *prima facie* evidence of the actual consideration; and testimony as to the *value of the land* is not admissible to rebut the evidence.

[3. Whether parol evidence is admissible at all, in such a case, to show, in reduction of damages, that the consideration was less than the sum stated in the deed, is not here decided.]

4. Parol evidence " of the whole transaction between the parties," without regard to the deed and contract, and rather in contradiction of them, was properly rejected, when offered in reduction of damages.

5. In the case of contracts for the sale and purchase of land, where the vendee has paid the consideration and has suffered damages over and above it, from the vendor's failure to convey, and there is no

fraud — whether he can recover such damages in addition to the consideration, is not here determined. But in such a case he may *at least* recover the consideration.

6. In general the word "penalty" in a clause providing for a breach of a contract, is held to mean a *penalty strictly so called*, and the covenantee must show his actual damage.

7. But whatever words are used in such a clause, the mere words are not conclusive. The whole agreement will be looked at to ascertain whether the sum was intended to be a *penalty* or *liquidated damages*.

8. In this case, B.'s covenant to pay $700 "as a penalty" does *not* have the effect to limit A.'s right to recover the actual consideration paid by him for B.'s contract to convey.


APPEAL from the Circuit Court for *Winnebago* County.

Action for damages for defendant's failure to convey lands according to his contract. Defendant answered, among other things, that he had taken from plaintiff a conveyance, with covenants of warranty, of certain other land, subject to a mortgage for $800, which, by the terms of the conveyance, defendant was to pay; that the value of this land over the $800 was the only consideration for defendant's contract here sued on; and that such value did not exceed $300. Upon the trial, plaintiff offered in evidence the contract in question, by which plaintiff agreed to pay defendant $700, which sum was acknowledged to be paid, for one hundred and sixty acres of land, to be selected by plaintiff from certain lands described, defendant agreeing to convey the lands so selected, by good and sufficient deed, free from incumbrances, and further agreeing to pay plaintiff $700, "as a penalty, in case of failure on his part to execute the deed above mentioned, whenever the party of the second part [plaintiff] shall have punctually and fully complied with this agreement on his part." Plaintiff proved his selection of lands under the contract, defendant's failure to convey on demand, and that he [plaintiff] had paid the $700 mentioned in the contract, by conveyance of certain land to defendant.

Defendant offered to prove by one Fisher the value of the land conveyed to him by plaintiff, for the purpose, as stated, of proving the damages for false representations; but the evidence was excluded. Defendant also offered to prove, by his own testimony, the value of the land selected, counsel stating: "I propose to prove the value of the land in November, 1870, to show the measure of damages for the breach of this contract," which evidence was also excluded. The following question was then put to defendant as a witness on his own behalf: "What was the transaction between you and *Yenner* when you purchased this land of him, and made this land contract?" In connection with this question defendant's counsel offered to prove "that this was an exchange of lands; that there was no agreement that the farm of *Yenner*, sold to *Hammond*, was of any specified value, or that the lands [of *Hammond*] in Iowa [those mentioned in the contract sued upon] were of any specified value; and that the consideration for the land was not what is mentioned in the land contract, $700, but a less sum, to wit, the difference between the mortgages and the value of *Yenner's* land." The evidence was rejected. Defendant was then asked, "What was the consideration for the execution of that land contract?" The record states that this question was "asked for the same reason as above stated;" and it was ruled out.

Verdict for plaintiff, for $711.80 damages, and judgment thereon; from which judgment defendant appealed.

*Moses Hooper*, for appellant, argued that the courts incline to hold the sum mentioned in an agreement, to be a penalty, rather than liquidated damages. *Shute v. Taylor*, 5 Met., 61; *Merrill v. Merill*, 15 Mass., 487; *Laubenheimer v. Mann*, 19 Wis., 519. Many cases even hold that the word penalty can never be construed to mean liquidated damages. The true measure of damages is the loss of plaintiff at the time the promise is broken, as in the case of any other executory contract. In the supreme court of the United States, and in many

of the states, it is held that the value of the land at the time of the breach is the measure of damages.    *Hopkins v. Lee*, 6 Wheat., 109 ; *Wells v. Abernethy*, 5 Conn., 222 ; *Loomis v. Wadhams*, 8 Gray, 557 ; *Gale v. Dean*, 20 Ill., 320 ; *Cox v. Henry*, 32 Pa. St., 18 ; *Nichols v. Freeman*, 11 Ired., 99 ; *Boardman v. Keeler*, 21 Vt., 77 ; *Pinkerton v. Huie*, 9 Ala., 252 ; *Dyer v. Dorsey*, 1 Gill & J., 440.    The cases holding the expressed consideration to be the measure of damages, do so because of the supposed analogy between this case and the case of breach of covenant of warranty.    The analogy, however, does not hold, since one is an executed contract, the other executory.    But, if the consideration is the measure of damages, defendant should have been allowed to prove the true consideration, and its value.    The recital of the consideration in the deed and contract was only *prima facie* evidence.    *Reynolds v. Vilas*, 8 Wis., 471 ; *Clapp v. Tirrell*, 20 Pick., 247 ; Rawle's Cov. Tit. (4th ed.), 257–9 ; Sedgwick on Dam. (3d ed.), 179.

*Gabe Bouck*, *contra*, argued that the contract fixed the measure of damages on its breach.    It comes within the rule which makes it liquidated damages, instead of a penalty.    2 Parsons on Con., 334–336 ; *Pierce v. Jung*, 10 Wis., 30 ; Sedgwick on Dam. (last edition), 484, and cases cited.

RYAN, C. J.    This case was very ably presented for the appellant, but it appears to us to be a very plain one.

The respondent's conveyance to the appellant expresses the consideration to be $700.    It is not necessary to the consideration of the case to pass upon the question, whether parol evidence was admissible to show, in reduction of damages, that the consideration was less than the sum stated in the deed. Such evidence does not appear to have been offered.    Evidence was offered to show the value of the land at the time of the conveyance.    Such evidence, for such a purpose, is never admissible.    The question is not one of the value of the land, but of the price at which the parties bought and sold it.    Certainly

the consideration expressed is *prima facie* evidence, and that is not rebutted in this record.

It appears that in payment of the consideration of the respondent's conveyance, the appellant gave the contract in suit for the conveyance of other land to the respondent, acknowledging payment of the consideration of $700. Here again the same question, above alluded to, might have arisen, but does not. Because we cannot think that it is properly raised by the question put to the appellant, or the offer following it.

The question called for the whole transaction between the parties. An answer to that question would have gone to explain away the written contracts between the parties, and was too clearly inadmissible for discussion. The offer following it seems to be an explanation of the object of the question, and is very comprehensive and loose. It is substantially an offer to go into the actual transaction between the parties, without regard to the deed or contract, and rather in contradiction of them. The last clause in the offer, to show that the consideration was not $700, but was the difference between the value of the respondent's land and the mortgages on it, is not free from ambiguity. Taken by itself, as a separate offer, it might be sufficient to raise the question of the admissibility of parol evidence to reduce the consideration stated, though even that admits of doubt. It is enough to say that the whole offer must be considered together, and that, so considered, it was an equivalent to the question put; both seeking to go outside of the written contracts, and to prove the actual transaction by parol.

The appellant, failing to perform his contract, is liable to repay the consideration received from the respondent, unless there be something in the case to defeat the respondent's right. There is a good deal of conflict in the books, in cases of contracts for the sale and purchase of land, where the vendee has paid the consideration and suffers damages over and above it by the failure of the vendor to convey, and where there is no

fraud, whether or not the vendee can recover such damages in addition to the consideration paid.   Sedgwick's Meas. of Dam. (6th ed.), 184, n. 4.    But there appears to be no doubt, in reason or authority, that he may sue for the consideration paid, and recover it.

But it is contended that the covenant of the appellant, in case of his failure to convey, to pay $700 as a penalty, takes this case out of the rule.

We are not at all certain that the true construction of the contract is not, that the penalty is an independent one, having no relation to the consideration paid, and intended to provide for damages over and above it.    But we need not consider this. The construction of the contract most favorable to the appellant, and which both parties appear to have adopted, is that the penalty and consideration are correlative.    In that view, the question is, whether calling the consideration a penalty modifies the respondent's right of recovery.

It is undoubtedly a general rule, that the word "penalty," in a clause providing for breach of a contract, is to be held strictly such, under which the party must show his actual damage.    But this rule has relation to clauses uncontrolled by the import of the whole contract.    As the contract may show, by its nature and import, that the term "liquidated damages" means penalty, so the force of the term "penalty" may be overborne by the general purport of the contract.   In this case, as to the right to recover the consideration, the covenant for the penalty was unnecessary.   The respondent's right to recover it is independent of the penalty, unless the covenant limits it. And we should be as reluctant to give such a covenant the effect of converting damages liquidated by law into a penalty, as to give such a covenant effect to convert a strict penalty into liquidated damages.

Without entering into an elaborate consideration of the cases, we think that the current of authority fairly establishes the rule, that, whatever words are used in a covenant provid-

ing a sum for damages upon breach, the mere words are not conclusive, and that courts ought, in the language of C. J. ABBOTT, to look into the whole of the agreement in order to ascertain whether the sum was intended to be a penalty or liquidated damages. *Davies v. Penton*, 6 Barn. & Cress, 216; Sedgwick, *supra*, 421, and cases cited.

In this case, in any construction of the contract, we find no difficulty in holding that the respondent is entitled to recover the consideration paid.

These views cover all the points made for the appellant on the argument. And it follows that the judgment of the court below must be affirmed.

*By the Court.* — Judgment affirmed.