DULLAGHAN vs. FITCH and another.

| 42 | 679 |
|----|-----|
| 113 | ¹667 |

CONTRACTS: DAMAGES. *(1) Payment reserved on construction contract, until completion, not liquidated damages.*

EVIDENCE. *(2) Error in ruling cured. (3) How offer of evidence to be made.*

1. A contract for railroad construction provided for payments to plaintiff upon estimates of the work as it progressed, with a reserve of fifteen per cent. of the estimates until the whole work should be completed and accepted. *Held*, that the reserve was *not liquidated damages*, and that plaintiff, without showing full performance by him or a legal excuse for failure thereof, may recover the reserve, less the amount of defendant's *actual* damages from plaintiff's breach of the contract. *Jackson v. Cleveland*, 19 Wis., 400, explained by COLE, J., and criticised by RYAN, C. J.

2. One of the defendants, as a witness for the defense, was asked by his own

counsel, how much damage accrued to them from plaintiff's breach of the contract. The question was ruled out; but, the witness in fact testified what it cost defendants to do the work left undone by plaintiff. *Held*, that the error in the ruling was cured.

3. If defendants wished to show that they had sustained other damage from such breach than the difference between the contract price of the work and its actual cost to them, they should have offered testimony expressly to that end.

APPEAL from the Circuit Court for *Columbia* County.

The defendants appealed from a judgment in favor of plaintiff. The case is stated in the opinion.

*T. L. Kennan*, for the appellant, cited *Jackson v. Cleveland*, 19 Wis., 410; *Faunce v. Burke*, 16 Pa. St., 469; *Easton v. P. & O. Canal Co.*, 15 Ohio, 79; *Hennessey v. Farrell*, 4 Cush., 269; *Ranger v. Railway Co.*, 27 Eng. L. & E., 61; 1 Redf. on Railways, 407.

For the respondent, a brief was filed by *John Brickwell*, and the cause was argued orally by *Mr. Brickwell* and *J. C. Gregory*.

COLE, J. This action is brought by plaintiff, as assignee of one Dalton, to recover the balance claimed to be due from the defendants, on a contract for grading a portion of the road-bed of the Wisconsin Central Railroad. The defendants were principal contractors with the company, and Dalton a subcontractor under them. The principal defense relied on was, that Dalton did not perform his contract according to its terms, but that, without any reasonable excuse, he abandoned the work, or refused to complete it. It is a conceded fact, that the defendants furnished men and teams to finish the work which Dalton undertook to do; but whether this was in pursuance of an understanding between the parties that Dalton was to be released from doing the balance of the work, the defendants agreeing to do it for him, or whether the defendants were compelled to finish the work because Dalton had abandoned it, in order to fulfill their contract with the company, was a matter

litigated upon the trial. The defendant *Fitch* was a witness on the part of the defense, and was examined as to the cost of doing the work for Dalton, when and in the manner the defendants had to do it. He was asked this question on such examination: "Do you know how much damage it was to you, his (Dalton's) not performing that part of the contract?" The question was objected to, and excluded. The learned counsel for the defendants insists that the court erred in excluding the question, because, he says, the defendants should have been permitted to show the damages which they sustained in consequence of the failure of Dalton to perform his contract. It is a sufficient answer to the objection, to say that the witness did in fact answer that the work could have been done with teams and scraper, if it had been done by Dalton when his contract required him to do it, and that it cost the defendants $600 to do the work. The defendants, therefore, had the benefit of an answer to the question asked, and could not have been prejudiced by the alleged erroneous ruling of the court. If the defendants had desired to show that, by the failure of Dalton to perform his contract, they sustained other damages besides the additional cost to them of doing the work, over the contract price, they should have offered testimony directed to that end. The question asked was doubtless understood to relate merely to the damages or additional expense of doing the work in the manner in which it had to be done, and not to other damages which might or did result to the defendants from the breach of Dalton's contract. The first error, therefore, relied on for reversal of the judgment, must be overruled.

The other errors assigned are predicated upon the refusal of the court below to give four requests asked on the part of the defendants, and upon exceptions taken to certain portions of the charge. It was provided in Dalton's contract, that the defendants should make payments to him at a stipulated rate per cubic yard, between the 15th and 18th day of each month,

for " all the work done during the previous month, as afore-said, except that the sum of fifteen per cent. of each estimate is to be retained by the said parties of the second part until the whole work is completed and accepted by " the chief engineer of the company. And the real question arising upon the instructions asked and refused, and upon the charge excepted to, relates to the construction of this clause in the contract, and whether any portion of this fifteen per cent. thus reserved can be recovered in the action. The counsel for the defendants insists that to entitle the plaintiff to recover the fifteen per cent., or any part of it, he must show that Dalton either performed the contract according to its terms, or was excused from performing it; and that, as no such performance was claimed or shown, to that extent the action must fail. And the various requests of the defendants embraced substantially this proposition contended for by counsel. But the circuit court did not adopt that view of the contract, but charged, substantially, upon this point, that the fifteen per cent. was to be regarded as a fund to indemnify the defendants for any damages they had sustained, or might sustain, by the failure of Dalton to fulfill his contract, and not as a sum to be forfeited if the defendants suffered no damage by his default, or had suffered damages less than the fifteen per cent. retained. Consequently the jury were directed that if they should find from the evidence that the defendants had not agreed to release Dalton from his contract, and finish the work for him, but were compelled to complete it because he would not, they were entitled to a deduction from the plaintiff's claim, of the expense to them of completing the work. It seems to us the circuit court gave the contract the right construction, and one in harmony with the decision in *Jackson et al. v. Cleveland*, 19 Wis., 400. We have observed that the defendants offered no evidence that they had sustained any damage by Dalton's default, except the increased expense to them of completing the work he had abandoned. By the con-

tract, they were to pay him fourteen cents per cubic yard for doing that work. They were allowed to show that it cost them more than that rate to do this work at the time and in the manner they were compelled to finish it. In one aspect of the case, the jury were told to allow them this additional expense, which included all the damages they attempted to prove. We have no doubt the fifteen per cent. was in the nature of a penalty, as distinguished from liquidated damages, and was intended to indemnify the defendants against loss for a breach of Dalton's contract. Therefore, when the defendants' damages were deducted from the fifteen per cent., the balance could be recovered in this action.

It was claimed by defendants' counsel that such a result was in direct conflict with the decision in *Jackson v. Cleveland*, and the following passage from the opinion in that case was relied upon to sustain his position: "But it is very clear that, unless the plaintiffs perform their contract as they agreed to do, or show some valid excuse for not performing it, they cannot recover this fifteen per cent. This is in accordance with the stipulation of the parties, and in strict harmony with many well adjudicated cases upon the precise point." p. 411. For myself, as I do not understand that case as deciding what the counsel claims, I may add a word of explanation in answer to the view the counsel took of it. In *Jackson v. Cleveland*, the plaintiffs were subcontractors, and did not complete the work according to their contract, but abandoned it — as the court by implication held — without legal excuse, or default on the part of Cleveland, the contractor. But, nevertheless, upon the facts stated in the complaint and shown upon the trial, they insisted they were entitled to recover the entire fifteen per cent., without regard to the matters stated in the counterclaim of the defendant. By their default to perform, Cleveland alleged, in his counterclaim, he was damnified largely in excess of this fifteen per cent., and offered evidence on the trial to prove these damages. But the circuit court,

upon plaintiff's objection, decided that no evidence was admissible under the counterclaim; and the correctness of that ruling was one question presented for decision. The court held that Cleveland was entitled to prove his damages under his counterclaim. On the other branch of the case, two positions were taken by opposing counsel; on the one side, that upon the facts and circumstances the plaintiffs were entitled to recover the entire fifteen per cent., without regard to the matters stated in the counterclaim; on the other side, that the fifteen per cent. should be regarded as liquidated damages, and not as a penalty, so that, even if the counterclaim were out of the case, the plaintiffs could only recover this fifteen per cent. by showing a strict performance of the contract, or an excuse for the nonperformance. I give the result of the arguments of counsel, not their language, in order that it may be seen what points the opinion was intended to meet. The court held that the fifteen per cent. was in the nature of a penalty to indemnify Cleveland for any damages he might suffer from a breach of the contract by the plaintiffs, and that he might prove those damages under his counterclaim. It did not occur to me that the opinion, when taken together, would mislead as to the decision, but it seems it has misled defendant's counsel, owing, perhaps, to the imperfect manner in which the real decision is stated. This is all the remark I deem it necessary to make in answer to the comment of counsel on the case.

The judgment of the circuit court must be affirmed.

RYAN, C. J. I concur in the judgment of this case, but desire to say something for myself of the grounds on which I do so.

I think that the true construction of contracts like those in this case and *Jackson v. Cleveland* is, that the periodical estimate is fully earned by the contractor, and due to him when made, and that the percentage reserved is in the nature of

*debitum in præsenti, solvendum in futuro,* subject to contingent deduction for damages incurred by future failure.

And there appear to me to be but three aspects in which the reserved percentage can be regarded: first, as a penalty, limiting the amount of damages to be proved under it; second, as liquidated damages agreed on by the parties; third, as a mere security for damages, neither limiting nor liquidating the amount. In either of these aspects, the periodical estimate is *debitum in præsenti,* of which payment is deferred to abide a future contingency. And subject to such deduction, the contractor has a right of action for it upon the determination of the contract, however determined.

I am not at all sure that the better view is not that the reserved percentage is a mere security. I have seen no case, however, so holding it. The only question seems generally to have been, as in *Jackson v. Cleveland,* whether it was in the nature of a penalty, or of liquidated damages.

Judge Redfield, in his work on Railways, says that the amount so reserved is in the nature of liquidated damages. 2 Redfield on Railw. (5th ed.), 427. But that view appears to me contrary to sound principle, and is, on several grounds, inadmissible in this state. *Lyman v. Babcock,* 40 Wis., 503. In *Jackson v. Cleveland* the reserved percentage is held to be in the nature of a penalty. And if it be either penalty or liquidated damages, I have no doubt that it was correctly held to be the former.

If it could be held to be liquidated damages, it would be by force of the provision that it is payable only upon final completion of the contract. That provision has an effect nearly or quite equivalent to calling it liquidated damages. But, by the rule of this court, no words can operate to make that liquidated damages, which the nature and justice of the case require to be held in the nature of a penalty. *Yenner v. Hammond,* 36 Wis., 277; *Lyman v. Babcock, supra.*

If the fifteen per cent. reserved by the appellants in this case

be regarded as *debitum in præsenti, solvendum in futuro*, retained by the appellants by way of penalty, to cover any damages which they might sustain by failure of respondent's assignor to complete his contract, I have no doubt of the respondent's right to recover the amount, deducting the appellant's actual damages by reason ·of the failure. And this appears to be the ground of the recovery in the court below.

It is remarkable that both parties relied on *Jackson v. Cleveland*. And, upon a critical examination of the case, I confess that I am unable to reconcile different things said in that case, or all that is said to any theory, either of penalty, or of liquidated damages, or of mere security. There are passages in the case which appear to me to regard the reserved percentage in all three of those lights.

Jackson sued for the reserved fifteen per cent., not having completed his contract. And the judgment, in two passages, seems to hold that he could not recover it without showing performance, or excuse for nonperformance. That appears to me to enforce the provision that the reserved percentage is recoverable only upon full performance, and to deal with it as liquidated damages.

Cleveland sued by counterclaim for his actual damages by Jackson's nonperformance, and the judgment holds him entitled to recover. This appears to me to deal with the reserved percentage as a penalty.

If it were in the nature of a penalty, Jackson was clearly entitled to recover it, subject to deduction of Cleveland's actual damages. If it were liquidated damages, Cleveland was entitled to retain it absolutely, without showing any actual damages. And his defense was complete without counterclaim.

In another passage it is held that Cleveland should apply the reserved percentage upon his actual damages, and have judgment for the excess. This appears to me to deal with it as security merely, neither liquidating nor limiting the damages.

And in that light, I cannot understand on what ground the judgment appears to hold that Jackson could not recover it, subject to Cleveland's actual damages. Indeed, holding it *pro tanto* an offset to Cleveland's damages, implies Jackson's right to recover it.

I cannot doubt that what seem to me inconsistencies and inaccuracies in the judgment, were mere oversights; or that the judgment was intended to be as Mr. Justice COLE's opinion in this case suggests. It is only wonderful to me that such inaccuracies do not more frequently arise, from the hurry in which this overburdened court is obliged to discharge its duties.

If I could think the opinion of the court in *Jackson v. Cleveland*, as reported, could bear the construction now put upon it by Mr. Justice COLE, I think that I could concur in all of its positions, except Cleveland's right to recover more than the reserved percentage, of which I entertain great doubt.

Be this as it may, it appears that *Jackson v. Cleveland* has misled the bar, and might do so again. And I have deemed it due to the court and to the profession to make these comments upon it, as my dissent from things said in it.

*By the Court.* — The judgment of the circuit court is affirmed.