## HOWLAND W. MAXWELL vs. DANIEL ALLEN.

### Androscoggin.    Opinion December 21, 1886.

*Contract. Liquidated damages. Partnership.*

One partner agreed in writing to sell to a co-partner his interest in the company's property, the property consisting of a store and stock of goods (furniture) therein, and some other personal property, the whole worth about twenty-five thousand dollars, the sale to be at cost for most of the property, the balance to be taken at an appraisal if the parties could not agree on its value, the terms of the sale to be cash on delivery, and either party who should break the contract was to forfeit to the other the sum of five hundred dollars.

*Held :* That the five hundred dollars were intended by the parties to be liquidated damages.

ON report of facts agreed.

Assumpsit for five hundred dollars and interest.

The material facts are stated in the opinion.

*N. and J. A. Morrill,* for the plaintiff, cited : *Williams* v. *Vance,* 30 Am. Rep. 28, note ; 2 Sedw. Dam. (7th ed.) 244, note, 246, note ; *Dwinel* v. *Brown,* 54 Maine, 470 ; *Lynde* v. *Thompson,* 2 Allen, 456 ; *Hall* v. *Crowley,* 5 Allen, 304 ; *Streeper* v. *Williams,* 48 Penn. St. 450 ; *Bagley* v. *Peddie,* 16 N. Y. 471 ; *Leary* v. *Laflin,* 101 Mass. 334 ; *Chase* v. *Allen,* 13 Gray, 42 ; *Gobble* v. *Linder,* 76 Ill. 157.

*Savage and Oakes,* for the defendant.

Whether a contract may be one to pay liquidated damages or a penalty, will be, to a great extent, determined by construction, by a consideration of the terms of the instrument, the subject matter, and the intention of the parties. 1 Am. Dec. 331, note ; 17 Wend. 447 ; 22 Wend. 201 ; 11 Mass. 76 ; 13 Gray, 42.

The dividing line between "liquidated damages" and "penalties" has never been, and perhaps can never be clearly drawn. Some general rules, however, obtain.

In general, a sum of money in gross, to be paid for the non-performance of an agreement, is considered as a penalty, and not as liquidated damages. *Tayloe* v. *Sandiford*, 7 Wh. 13. (Opinion by Ch. J. Marshall.) ; *Spear* v. *Smith*, 1 Denio, 464.

It is the tendency and preference of the law to regard a sum stated to be payable if a contract is not fulfilled, as a penalty, and not as liquidated damages; for, by treating such sums as a penalty, the recovery can be apportioned to the actual damages, or loss actually sustained. *Leggett* v. *Mutual Life Ins. Co.* 53 N. Y. 394, and cases cited in note to *Tayloe* v. *Sandiford*, 7 Wh. 13 (Lawyers' Edition,) ; *Shute* v. *Taylor*, 5 Met. 67.

Where the agreement imposes several distinct duties or obligations of different degrees of importance, and the same sum is named as damages for a breach of either indifferently, the sum is to be regarded as a penalty. See cases cited in same note; *Chase* v. *Allen*, 13 Gray, 42.

Where the damages are capable of being known and estimated, the sum fixed upon as damages will be treated as a penalty, though declared to be intended as liquidated damages. See cases cited in same note.

Where it is doubtful on the face of the instrument whether the sum mentioned was intended to be stipulated damages, or a penalty to cover actual damages, the courts hold it to be the latter. *Bagley* v. *Peddie*, 5 Sandf. 192 ; II Bouvier Law Dict. Tit. Liq. Dam.

The foregoing rules are supported by a note to *Graham* v. *Bickham*, 1 Am. Dec. 335, in which all the leading English and American decisions on this subject are compiled and collated.

This is clearly a case where the damages are capable of being known and estimated under rule.

The subject matter of the contract was certain real and personal property, all of which had an easily ascertainable market value.

The contract price was ascertainable by mere computation, and the damages occasioned to either party would be easily and accurately ascertained. *Graham* v. *Bickham*, 1 Am. Dec. 328; *Spencer* v. *Tilden*, 5 Cow. 144.

The agreement provides for the purchase and sale of the property; the taking the account of stock; the making the deeds and transfers; the choice of disinterested parties to appraise the value of any of the property about which the parties were unable to agree; and the payment of the expenses attending dissolution of the copartnership, etc.

For the breach of any one of these particulars, the same sum, five hundred dollars, is named as a forfeiture. *Watts' Ex'rs* v. *Shepherd*, 2 Ala. 425; *Sawyer* v. *McIntyre*, 18 Vt. 27; *Jackson* v. *Baker*, 2 Edw. 471.

If the parties use the term "penalty," it is well nigh conclusive that penalty is intended and not liquidated damages. While the use of the term liquidated damages is not at all conclusive. Sedgwick on Dam. 6th ed. 504.

In construing the use of the words "forfeit" or forfeiture, all courts lean very strongly to the notion of a penalty, and in some cases it is said that "where the contract itself terms such gross sum a forfeiture, it must be construed to be a penalty, and the parties deemed to have so intended, unless the agreement plainly indicates that it was intended. as liquidated damages." *Colwell* v. *Lawrence*, 36 How. 306. (New York Ct. of App.)

Having thus cited certain general rules, within which, as it seems to us, this case must lie, and by which it must be controlled, we now cite certain decided cases to illustrate the rules. *Horner* v. *Flintoff*, 9 M. and W. 678; *Betts* v. *Burch*, 4 H. & N. 506, (Eng. Exchq.); *Magee* v. *Lavell*, L. R. 9 C. P. 107; *Dennis* v. *Cummings*, 3 Johns. Ch. 297; *Shiell* v. *McNitt*, 9 Paige, 101; *Spear* v. *Smith*, 1 Denio, 464; *Gray* v. *Crosby*, 18 Johns. 219; *Perkins* v. *Lyman*, 11 Mass. 82; *Lampman* v. *Cochran*, 2 Smith, (N. Y.) 275; *Leggett* v. *Mut. Ins. Co.* 53 N. Y. (Ct. of App.) 394; 15 Mass. 488; 1 Peck. 443; 14 Gray, 165; *Curry* v. *Larer*, 7 Penn. St. 470 (49 Am. Dec. 486); *Robeson* v. *Whitesides*, 16 S. & R. 320; *Heard* v.

*Bowers*, 23 Pick. 455 ; *Fish* v. *Gray*, 11 Allen, 133 ; *Brown* v. *Bellows*, 4 Pick. 179. Where the forfeiture has been held to be liquidated damages, it has been either because the case came within the rule of *Holbrook* v. *Tobey*, 66 Maine, 410, or because of some peculiarity in the contract or in the subject matter, the damages have been deemed uncertain and incapable of estimation. *Nobles* v. *Bates*, 7 Cow. 306 ; *Williams* v. *Dakin*, 22 Wend. 201 ; *Chase* v. *Allen*, 13 Gray, 42 ; *Cushing* v. *Drew*, 97 Mass. 445.

PETERS, C. J. One partner agreed in writing to sell to a copartner his interest in the company's property, consisting of a store, a stock of goods, furniture therein, and other property, — most of the same at cost, and the balance at an appraisal if the parties could not agree upon its value, cash to be paid therefor on delivery, — either party who should break the contract to forfeit to the other the sum of five hundred dollars. The purchaser, after binding himself to the bargain, refused to carry it into execution. The entire property was worth upwards of twenty-five thousand dollars.

Is the sum of five hundred dollars recoverable by the would-be seller as liquidated damages? We think that must have been the intention of the parties. There are several reasons which have an influence in inducing us to think so. In no view was it a large or an unreasonable sum to pay for the seller's disappointment. It was the purchaser's proposition. It includes all which the purchaser was to pay for a total failure to perform. There would be more question about the meaning of the parties, had the non-performance been partial only. It would be a difficult and expensive task to ascertain what the real damages were. The good will of the business was an element of value not easily measurable. The parties wisely concluded to have the damages assessable at an agreed sum. We think it would be the instinctive judgment of business men generally, that the parties used the word forfeit in a conversational sense, and not technically.

The case belongs to a class of difficult, and often uncertain and shadowy questions, very few cases being much alike, and there-

-fore an appeal to the authorities for support is not of much use
ifurther than to make an application of general principles. But
:the case of *Lynde* v. *Thompson*, 2 Allen, 456, relied on by the
iplaintiff, goes a good way towards establishing the position he
·contends for; and *Holbrook* v. *Tobey*, in our own state, (66
.Maine, 410,) goes in the same direction.

> *Defendant defaulted for $500 and interest*
> *from February 15, 1883.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ.,
·concurred.