McIntire v. Cagley.

## McINTIRE v. CAGLEY.

1. **Contract:** STIPULATION FOR ATTORNEY'S FEE: PENALTY AND LIQUIDATED DAMAGES. A stipulation in a promissory note that the maker will, in case it becomes necessary to collect the note by suit, pay an attorney's fee of ten per cent on the amount collected, will not be regarded as a penalty but as liquidated damages, for which the plaintiff may have judgment. COLE, J., dissenting.

2. —— In cases of this nature the action of the court will not be defined or determined by the *terms* which the parties have seen fit to apply to the sum agreed upon. Although they have called it a *"penalty,"* or *"liquidated damages,"* it will be held to the one or the other, as from the nature of the contract and the surrounding circumstances it appears the parties intended, and in reason and justice they ought to be held.

*Appeal from Page District Court.*

TUESDAY, DECEMBER 16.

THIS action was brought upon a promissory note as follows:

" $472.69.                CLARINDA, Iowa, *November* 12, 1872.

" Ninety days after date, for value received, we jointly and severally promise to pay to J. S. McIntire, or order, the sum of $472.65, with interest from maturity, at the rate of ten per cent per annum, interest payable annually, payable at the First National Bank, Clarinda; and we agree also to pay an attorney's fee of ten per cent if this note is collected by suit.

" (Signed)                          GEORGE CAGLEY."

The defendant made default, and the plaintiff gave the note in evidence, and moved the court for judgment thereon for the amount thereof with interest and costs, and ten per cent for attorney's fees, as stipulated in the note and demanded in the petition. The court refused to render judgment for the stipulated attorney's fee unless plaintiff would prove that such fee was reasonable. This plaintiff declined to do, and the court refused to assess the attorney's fee as a part of the amount due on the note. Plaintiff appeals.

*W. W. Morsman* for the appellant.

No appearance for the appellee.

MILLER, J.— The court below held that the stipulation in the note sued on, by which the maker agrees to pay "an attorney's fee of ten per cent," on the amount of the note, was in the nature of a penalty to cover the expense of collecting the note by action, and therefore recoverable only to the extent of such actual expense which must be shown by evidence.

We have decided in a number of cases that it is competent for parties to written instruments for the payment of money to stipulate for the payment of a reasonable sum as an attorney's fee where suit is brought to enforce payment of the money due on the instrument, and that such agreements will be enforced. See *McGill* v. *Griffin et ux.*, 32 Iowa, 445, where the cases are collected and reviewed. In none of those cases, however, did the question here made arise. In those cases the agreement was to pay a "*reasonable*" sum; here it is to pay a fixed amount, viz., ten *per centum* on the amount of the note.

One of the rules of construction in cases of this nature is that the action of the court will not be defined and determined by the *terms* which the parties have seen fit to apply to the sum agreed upon. Although they have called it a *penalty*, or given it no name at all, it will be treated as liquidated damages, if from the nature of the agreement and the surrounding circumstances, and in reason and justice it ought so to be. *Sainter* v. *Ferguson*, 7 Com. Bench, 716 ; *Chamberlain* v. *Bagley*, 11

N. H. 234; *Brewster* v. *Edgerly*, 13 id. 275; *Mundy* v. *Culver*, 18 Barb. 336; *Foley* v. *McKeegan*, 4 Iowa, 1, and cases cited on page 6. And, on the other hand, although they call the sum liquidated damages, it will be treated as a penalty, if, from a consideration of the whole contract, it appears that the parties intended it as such, or if, where the injury is certain, the sum fixed upon is clearly disproportionate to the injury, and the real claim which grows out of it. *Foley* v. *McKeegan*, *supra*, and cases cited.

Among the principles upon which this question should be determined are these: That the sum agreed upon will be treated as a penalty unless, first, it be payable for an uncertain amount; and second, unless it be payable for one breach of contract, or if for many, unless the damages to arise from each of them are of uncertain amount. *Foley* v. *McKeegan*, *supra*; 3 Pars. on Cont. 159, and cases cited in notes.

In *Taylor* v. *Sandiford*, 7 Wheat. 13, MARSHALL, C. J., says: "In general, a sum of money in gross, to be paid for the non-performance of an agreement, is considered a penalty, the legal operation of which is to cover the damages which the party in whose favor the stipulation is made may have sustained from the breach of the contract by the opposite party."

Guided by these principles, we are of opinion that the stipulation in the note to pay the attorney fee cannot properly be regarded as a penalty. It is not to be paid for the non-performance of an agreement; it does not become payable, nor does it create any liability whatever upon the maturity of the note, unless suit is brought to enforce collection thereof. It is an agreement to reimburse the plaintiff for his expenses incurred in collecting the note by suit. *Williams* v. *Meeker*, 29 Iowa, 292. Again, it is payable for an injury of uncertain amount and extent. It is not like a case of a promise to pay $2,000 if the promisor fail to pay $1,000 in three months; in which case it is obvious that the larger sum is a penalty for the non-payment of the smaller one, even though the parties call it liquidated damages. The injury in such case is a certain one, and the measure of damages is also certain, being

legal interest on the sum due. *Bagley* v. *Peddie*, 5 Sandf. 192; *Williams* v. *Dakin*, 22 Wend. 211; *Hoag* v. *McGinnis*, id. 163; *Heard* v. *Bowers*, 23 Pick. 455; *Mead* v. *Wheeler*, 13 N. H. 351. But in the case before us, the measure of damages is uncertain. What would be a reasonable amount to reimburse the plaintiff for the fees of an attorney in prosecuting a suit upon the note, and collecting the amount due thereon, is not certain, and, in the absence of an agreement of the parties, would have to be ascertained by the court, or a jury upon evidence. In cases like this the parties may agree beforehand what the injury shall be valued at, or what shall be taken as a compensation; for if the court should set it aside, it can only do what the parties had a right to, and have done, and that is, arrive at a general probability by a consideration of all the circumstances of the case. The court would have to hear testimony and determine therefrom the measure of the injury. It being impossible to define with certainty beforehand by reference to a money standard the measure of the injury, it was competent for the parties to agree thereon, which they have done. The collection of a note of the amount of the one sued on in this case might, under some circumstances, involve labor and expense much greater than under others. There being this uncertainty, the sum agreed upon by the parties will not be treated as a penalty, unless for such obvious excess and disproportion to rational expectation of injury as to make it clear that the principle of compensation was wholly disregarded (3 Pars. on Cont. 159, 160 and 161, and notes), which does not appear in this case.

Of course, if this sort of an agreement be resorted to as a cloak for usury, and it is so made to appear in an action thereon, it will be treated as any other usurious contract. The party would not be permitted to recover a sum of money under the denomination of attorney's fees, which was in fact unlawful interest.

The judgment of the court below will be

Reversed.

COLE, J., dissenting.

McIntire v. Cagley.

Cole, J., dissenting.— I dissent because the opinion seems to me to be contrary to the well-settled rules respecting penalties and liquidated damages, and because its tendency will be to subject debtors to hard and excessive exactions under the name of attorney's fees.

It will be observed that the opinion is grounded upon the construction of the contract, and holds that the sum stipulated to be paid is liquidated damages. If this is correct, then the same construction must follow if the sum stipulated was two, three, five or ten times as great. And it requires no prophet to foretell that, under such a construction, the exactions for attorney's fees, in name, will soon become exorbitant and oppressive.

In my opinion, the sum fixed should be construed as a penalty, and the plaintiff allowed to recover thereunder such sum as he could show to be a reasonable attorney's fee in the particular case. And this, because, *First:* The rule is universal to construe such fixed sum as a penalty, unless the intent to make it liquidated damages is manifested beyond a reasonable doubt. In this case such intent is not manifested, and the term "liquidated damages" is not even used. *Second:* The sum fixed is to be paid by reason of a default in the payment of a sum of money at a specified time, and in such cases courts never construe the sum fixed as liquidated damages, but always as a penalty. *Third:* The plaintiff may not lawfully have more than ten per cent for the use of his money, and if the stipulated sum is in excess of a reasonable attorney's fee, which is all plaintiff can have to pay, he does obtain more than that rate, and, under the foregoing opinion, could successfully violate the law in this respect, for it would be, as held therein, liquidated damages, and not interest or usury. And *Finally:* Because, if the stipulated sum is construed as a penalty, perfect and complete justice will thereby be meted out to both parties, for that the defendant would have to indemnify the plaintiff for the default by paying him the reasonable attorney's fee expended in the case, and the plaintiff would be prevented from taking the money of the defendant without an

equivalent. This, very briefly, is the *law* and the *right* as I am able to see them; but I cannot comprehend, as such in truth, either the reason, the law or the justice of the foregoing opinion and its results. The judgment of the court below ought therefore to be affirmed, and not reversed.