DEGRAFF, VRIELING & COMPANY, Appellants, v. P. WICKHAM *et al.*, Appellees.

1. **Contract**: LIQUIDATED DAMAGES: EVIDENCE. Where a contract for the erection of a house provided that if the builder "should fail to comply with the terms of this contract which relates to the time within which said work or parts thereof are to be completed," he should "forfeit ten dollars *per diem* for each and every day thereafter, until the completion of the work," which sum the owner was authorized to deduct from any moneys due the builder, and if such amount should not be due the latter, the builder agreed to pay the same, and there was no evidence as to the cost of said house, nor of its rental value, *held*, that the sum named must be construed as liquidated damages.

2. ———: ———: INTENTION: BURDEN OF PROOF. In such case the burden of proof upon the question of the rental value of said premises is upon the party contending that said provision in the contract should be construed as a penalty.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

TUESDAY, MAY 24, 1892.

ACTION for judgment on an account and to foreclose a mechanic's lien. From a decree refusing the enforcement of the lien the plaintiffs appeal.—*Affirmed.*

*Burke & Hewitt,* for appellant.

*Shea & Galvin,* for appellees.

KINNE, J.—The plaintiff claims that by virtue of a parol contract, made December 14, 1888, with Wickham, through Lainson, it furnished materials for the former for the erection of a dwelling house; that in due time it made out and filed with the clerk of the district court of Pottawattamie county a proper statement of the account for a lien, duly verified, and showing a balance due of four hundred and ninety-five dollars and ten cents; that on March 1, 1889, it, in writing, notified Wickham of its claim; that Wickham knew when the contract of the plaintiff was made with Lainson, and that plaintiff was to furnish materials for said house; that, when said contract was made, and the delivery of materials begun thereunder, Wickham owed Lainson more than the balance now due the plaintiff; that Wickham paid large sums to parties who furnished material and labor for said house, and who never filed liens therefor. Ole Rasmussen and John Mysten are also made defendants. The plaintiff asks judgment, and that its lien be established and enforced, and held superior to any liens of the defendants. Rasmussen filed an answer and cross petition, claiming a lien for labor and material furnished by virtue of a verbal contract with Lainson for ninety-six dollars and fifty-one cents; avers that, within thirty days from the time of furnishing the last labor and materials he filed a proper statement of account and affidavit for a lien with the proper officer, and also served a written notice of his claims and of filing his lien upon Wickham. He also asks a foreclosure of his

lien, and a decree establishing it as prior to the plaintiff's. In an amendment he avers that the plaintiff had full knowledge that he was furnishing labor and material for said house. Wickham answered Rasmussen's cross petition, admitting, in substance, all the allegations therein, except the amount due. Jennie Wickham, in a separate answer, denies all the allegations of the plaintiff's petition. O. P. Wickham answered the plaintiff's petition, admitting ownership of the property and the making of a contract with Lainson for the erection of the house. He denied making any contract with the plaintiff, and averred that before he had any knowledge that the plaintiff was furnishing materials to Lainson he had paid Lainson, according to the terms of his contract with him, the full amount due him, except four hundred and sixty-five dollars and twelve cents, which he held and still holds subject to his claim of forfeiture under the terms of his contract with Lainson; that the plaintiff's claim was filed more than sixty days after the delivery of its material; and he had no notice of any claim made by the plaintiff against him until more than sixty days after its material was delivered; that his contract with Lainson provided that the house should be completed October 1, 1888, and also provided that Lainson should forfeit ten dollars per day after that time until said contract was completed and the house finished, and that the defendant should retain said sum out of any money in his hands; also averred that the contract and building were not completed until March 10, 1889, by reason whereof there was due the defendant one thousand, five hundred dollars. The defendant also claims that Rasmussen and Mysten filed liens which are superior to the plaintiff's. In an amendment Wickham avers that he paid no money to anyone after the plaintiff furnished and delivered its materials, except one hundred and fifty dollars to Rasmussen for work done on said

house, and it was paid on an order from Lainson prior to the time the plaintiff's material was delivered; that he did not know until fifty days after the materials were furnished for which the plaintiff claims pay who was furnishing the same, or where they were being procured, and that he paid nothing thereafter.

I. A material part of the contract entered into between defendant O. P. Wickham and the defendant Lainson reads as follows:

"And it is understood   *   *   * that if [Lainson] shall fail to comply with the terms of this contract which relates to the time within which said work or parts thereof are to be completed [Lainson] shall forfeit ten dollars *per diem* for each and every day thereafter, until the completion of the work by [Lainson,] subject, however, to discretion of [Wickham], which sum shall be deducted from any money which may be due him; and if that amount be not due, then [Lainson] agrees to pay the same."

The plaintiff's contention is that the provisions above quoted fix a penalty only, while the defendant Wickham insists that they should be construed as providing for liquidated damages. There is no fixed and invariable rule applicable to such contracts, and there is great conflict in the authorities relating thereto. In some particulars, however, the law seems to be fairly well settled. Whether the sum mentioned in the contract is to be "considered as a penalty or as liquidated damages is a question of construction, on which the court may be aided by circumstances extraneous to the writing. The subject-matter of the contract, the intention of the parties," and other facts and circumstances may be considered. *Foley v. McKeegan*, 4 Iowa, 1; *Beard v. Delaney*, 35 Iowa, 16; *Perkins v. Lyman*, 11 Mass. 76; *Brewster v. Edgerly*, 13 N. H. 275; *Wolf v. Des Moines & Ft. D. Railway Co.*, 64 Iowa, 380; *McIntire v. Cagley*, 37 Iowa, 676. And while the

words "forfeit," or "forfeiture," "paid sum," or "penalty," used by parties in contracts, have sometimes been treated as furnishing a strong, if not conclusive, indication of the intent of the parties, yet it is well settled that the weight to be given to such words will depend on their connection with other parts of the instrument, the nature of the agreement, the intention of the parties, and other facts and circumstances. *Foley v. McKeegan*, 4 Iowa, 1; *McIntire v. Cagley*, 37 Iowa, 676; *Wolf v. Des Moines & Ft. D. Railway Co.*, 64 Iowa, 380; *Chamberlain v. Bagley*, 41 N. H. 234. So, if the damages are uncertain, and incapable of definite ascertainment, the damages fixed in the contract will not be considered in the nature of a penalty, but may be recovered. Usually, however, where, from the very nature of the provisions of the contract of the parties, it appears that the actual damages may be ascertained, and that they will be of trifling importance as compared with the sum fixed as stipulated damages, such provisions will be treated as providing for a penalty. *Fitzpatrick v. Cottingham*, 14 Wis. 219; *Pierce v. Jung*, 10 Wis. 30; *Lyman v. Babcock*, 40 Wis. 521; *Dullaghan v. Fitch*, 42 Wis. 679. Again, in determining the construction to be given such contracts, we must take into consideration facts as to whether the contract contains more than one condition, and, if so, whether the provision relied upon applies to one or all of them. *Foley v. McKeegan, supra,* and cases therein cited.

It will be seen that, guided by the rules above stated, each case must be determined upon its own peculiar facts. In the light of the authorities and of the facts in this case, we think the court below properly held the provisions in the contract under consideration were intended by the parties to be considered and treated as providing for liquidated damages. The damages which might ensue from the breach of the contract

were, in their nature, to some extent, at least, uncertain, and, for all that is disclosed by the evidence, they may have been difficult of ascertainment. The provisions of the contract applied only to the time within which the work on the house should be completed. While it may be true, as the appellant contends, that the damages as fixed would be "manifestly above the injury sustained," yet, in view of the condition of this record, we are unable to see how we would be justified in so holding, in the absence of any testimony as to what was the reasonable rental value of the house. Surely we would not be justified, for the purpose of holding this provision in the contract a penalty, in arbitrarily, in the absence of testimony, determining the rental value of the property. Nor does the evidence even show the entire cost of the house. Again, it will be noticed that the contract not only fixes the sum per day which shall be the damages to be assessed for the breach of the contract, but it goes further, and authorizes Wickham to deduct the same from any money of Lainson in his hands; and then provides, if the amount due Lainson and in Wickham's hands is not sufficient, that Lainson agrees to pay the balance. These provisions clearly indicate that the parties intended thereby to provide for liquidated damages. We think the fact of this arrangement for payment is material in the construction of this contract, as showing the intent of the parties.

II. This case seems to have been tried in the court below on the theory that the provision in the contract which we have referred to was one for liquidated damages. As we have said, no evidence was introduced as to the rental value of the property. It seems to us that it was no part of Wickham's case to introduce such evidence. He was insisting that the contract provided for liquidated damages, and, if the

2. ———: ———: intention: burden of proof.

plaintiff intended to rely on the other theory, it should have shown what the rental value of the property was. In the absence of such evidence, the court, under all the facts and circumstances, was justified in presuming that the amount retained by Wickham was at least not greatly in excess of the rental value of the house. If we are right in our view that it was incumbent on the plaintiff to show the rental value of the property, and it has not done so, it follows that the case should not be reversed, because such fact, if shown, might tend to justify a finding that the contract provided for a penalty only. We could not reverse the case, and permit the plaintiff to put in testimony which it should have introduced on the trial.

III. It is insisted that Wickham is estopped. We have examined this question, and are unable to find that Wickham did anything which should be held to estop him from claiming damages. The plaintiff furnished the materials for which it seeks to recover after the contractor was in default. In fact, it was about three months after the building was to be completed before the plaintiff furnished its material. The plaintiff must be held to know the terms and conditions of the contract between Wickham and Lainson.

In the view we have taken of this case, we need not consider other questions raised. The judgment of the district court is AFFIRMED.

OPINION UPON REHEARING.

THURSDAY, JANUARY 18, 1894.

GIVEN, J.—On the former submission the judgment of the district court was affirmed. The questions involved being important, and such as may frequently arise, a rehearing was granted, and we have carefully reviewed the case in the light of all the arguments and authorities cited.

The first contention is whether the ten dollars *per diem* mentioned in the contract is to be considered as a penalty or as liquidated damages. It is not questioned but that the intention of the parties is to control, and that in arriving at their intention the subject-matter of the contract, and the facts and circumstances attending its execution, may be considered. The appellant contends that the opinion erroneously holds the burden of showing these facts and circumstances to be upon the plaintiff. *Tayloe v. Sandiford*, 7 Wheat. 13, is cited, and largely relied upon. In that case, as in this, the question was whether the sum mentioned in the agreement was penalty or stipulated damages. The language of that agreement was: "The said house to be completely finished on or before the twenty-fourth day of December next, under the penalty of one thousand dollars in case of failure." The court says: "In general, a sum of money in gross to be paid for the nonperformance of an agreement is considered as a penalty, the legal operation of which is to cover the damages which the party in whose favor the stipulation is made may have sustained from the breach of contract by the opposite party. It will not, of course, be considered as liquidated damages; and it will be incumbent on the party who claims them as such to show that they were so considered by the contracting parties. Much stronger is the inference in favor of its being a penalty when it is expressly reserved as one. The parties themselves denominate it a penalty, and it would require very strong evidence to authorize the court to say that their own words do not express their own intentions." The contract in this case does not name a sum in gross, but a *per diem* to be paid for each day that the defendant Wickham might be deprived of the use of his house by reason of its not being completed at the time agreed. The parties had a right to fix this *per diem* upon the basis of the value of the of use the

house to the defendant, even at a high rate, and they had a right to name a sum that would be an incentive to Lainson to complete the house by the time agreed upon. In *Tayloe's case* the agreement, taken alone, showed the one thousand dollars to be penalty. This agreement, taken alone, shows the ten dollars per day to be liquidated damages, and, under the rule in *Tayloe's case*, it was incumbent on the party claiming it to be penalty to show that it was so considered by the contracting parties.

Our re-examination of the facts confirms us in the correctness of the conclusion announced on the question of estoppel. The former opinion seems to us to be correct, and it is, therefore, adhered to, and the judgment AFFIRMED.