## H. C. SANFORD v. THE FIRST NATIONAL BANK OF BELLE PLAINE, IOWA, Defendant, S. B. HAMILTON, Appellant.

**Liquidated Damages:** CONSTRUCTION. Defendant contracted to buy an interest in plaintiff's stock and to become his partner. He deposited five hundred dollars in a bank as "a forfeit" if he failed to carry out the contract. Plaintiff leased a building for the firm, notified all creditors of the proposed change, and on defendant's suggestion added a new line to the stock. *Held*, as the question whether a sum named in a contract is liquidated damages or a penalty should be solved by considering the intention as the nature of the contract indicates it, and all surrounding circumstances, and not merely by reading the contract, the said five hundred dollars ought to be treated as liquidated damages.

**PRACTICE.** In an action to recover liquidated damages no proof of actual damages need be made.

**Practice on Appeal:** ABATEMENT. Where a bank, which stands indifferent between two claimants of a deposit, pays same into court after judgment to pay one of said claimants, this fact and that the successful claimant then satisfies the judgment, does not entitle him to have an appeal thereafter taken by his adversary dismissed.

*Appeal from Benton District Court.*—HON. J. R. CALDWELL, Judge.

WEDNESDAY, MAY 22, 1895.

Action by H. C. Sanford against the First National Bank of Belle Plaine and S. B. Hamilton to recover as liquidated damages certain moneys deposited with defendant bank by Hamilton, to be paid plaintiff in the event Hamilton failed to consummate an agreement of partnership entered into with plaintiff. The court directed a verdict for plaintiff, and defendant Hamilton appeals.—*Affirmed.*

*C. M. Nagle* for appellant.

*T. H. Milner* for appellee.

Deemer, J.—On the seventeenth day of October, 1892, the plaintiff and defendant Hamilton entered into a written contract for the purpose of forming a partnership to conduct the drug business in the city of Belle Plaine, Iowa, to commence in the month of January, 1893. The capital stock was to be six thousand dollars, of which each was to contribute one-half. The firm was to purchase the furniture and fixtures then owned by Sanford, and the stock of goods owned by plaintiff was to be invoiced at Chicago prices, with five per cent. added for freight. It was also agreed that Hamilton and his son should put in their time as against Sanford's in the conduct of the business, and each partner was to receive sixty dollars per month as wages, which amount each was allowed to withdraw. Sanford was to have general charge of the business, but was to consult his partner freely upon matters of interest. The property, when invoiced, was to be turned over to the firm free and clear of all incumbrances. The contract also provided: "Hamilton is to deposit $500.00 in the First National Bank of Belle Plaine, Iowa, as a forfeit in case he should refuse to comply with the terms of this contract." The five hundred dollars so named was deposited as agreed. After the making of the contract, and on the twenty-fourth day of December, 1892, Hamilton notified plaintiff in writing that he did not intend to carry out the contract, and declared all arrangements at an end. Plaintiff then commenced this suit to recover the five hundred dollars deposited with the bank. Upon the issues joined the cause was

tried to a jury, and at the conclusion of plaintiff's testimony both parties rested, and the court directed a verdict for plaintiff, construing the clause quoted from the contract as liquidated damages, and not a penalty, and Hamilton appeals.

I. The judgment was rendered April 14, 1893, and the appeal taken May 6. On the twentieth day of April the bank paid into court the five hundred dollars held by it, and plaintiff canceled and satisfied the judgment. A motion has been filed to dismiss the appeal, because the judgment has been satisfied. We think this motion should be overruled. The bank was merely a nominal party, indifferent to the claims of either of the litigants. It was simply the custodian of the fund, and could not, by paying over the money in litigation to the clerk or to the plaintiff, defeat the defendant's right of appeal. The defendant has done nothing indicating a purpose to abandon the appeal, and should not be estopped by reason of the conduct of his codefendant. None of the cases cited by appellee cover facts like these.

II. Appellee also moves to dismiss the appeal because of defendant's delay in presenting it to this court. Such delay as there was is fully explained by appellant's counsel, and the motion is overruled.

III. The only real question on the merits is whether the five hundred dollars deposited with the bank should be treated as a penalty or as liquidated damages. No proposition of law is attended with more difficulty on account of the apparent conflict in the authorities than this one. The rule in such cases is easily stated, but its application is of great difficulty. It is manifest that many of the courts, in construing such a contract, have been guided by their innate ideas of justice in each particular case, rather than by the strict rules of law to be applied to the contract which the parties

have in fact made.    It may be stated, as a general rule, that in construing such contracts the court will endeavor to ascertain the intention of the parties, and will give the forfeiture clause such effect as they intended it should have.    The words used, whether "forfeiture," "liquidated damages," or "penal sum," are not alone conclusive.    Nor, indeed, is the language of the contract generally.    The court will look to the nature of the contract, the situation of the parties, and to all the surrounding facts and circumstances which throw light upon the intent of the parties for the purpose of determining what meaning they placed upon the words used.    True, there are some other artificial rules often properly applied in the interpretation of these contracts, to some of which we may have occasion to refer.    The rule we have just announced is sustained by the following cases:  *De Graff, Vrieling & Co. v. Wickham,* 89 Iowa, 720; *Foley v. McKeegan,* 4 Iowa, 1.    The evidence shows there was considerable correspondence between the parties before the contract was finally consummated.    And it also shows that after the execution of the contract, Hamilton, or his son, came to Belle Plaine, just before the "holiday season," and assisted somewhat about the store.    Plaintiff arranged for a lease of the building in which the business was to be conducted by the firm, and took an invoice of the goods. He also notified all creditors of the proposed change, and arranged his business with reference thereto.    He also put in a stock of wall paper at Hamilton's suggestion, which Hamilton assisted him to select.    This he would not have done had it not been for Hamilton's request.    Another very strong circumstance is the deposit of the five hundred dollars with the bank by

Hamilton under the terms of the contract. And while it was called a "forfeit," which ordinarily means a "penalty," when used in a contract, yet, when deposited with a third party, as in this case, we think it is evident that the parties intended that Hamilton should lose the whole of it in the event he failed to comply with his contract. *White v. Dingley,* 4 Mass. 434; *Hinton v. Sparkes,* L. R. 3 C. P. 161; *Betts v. Burch,* 4 Hurl. & N. 506; *Wallis v. Smith,* 21 Ch. Div. 243; *Lea v. Whitaker,* L. R. 8 C. P. 70. The sum deposited is not unreasonable in amount, as compared with the amount of property invoiced. It is payable for one breach,—that is, failure to purchase the half interest in the business; and the injury, as will be seen from the circumstances shown, is in some degree uncertain. These circumstances lead to the inference that the parties intended the forfeit as the measure of damages. *Maxwell v. Allen,* 78 Me. 32, 2 Atl. Rep. 386, is almost exactly parallel to this case; and *Streeper v. Williams,* 48 Pa. St. 450, is a case very nearly in point, and states the rule so clearly that we need not refer to others in support of our conclusions.

IV. It is also insisted that the court was in error in directing a verdict for plaintiff, because there was no proof that he suffered any damage by reason of defendant's breach of contract. If the money deposited is to be treated as liquidated damages, then no such proof is required. *Kelso v. Reid,* 145 Pa. St. 606, 23 Atl. Rep. 323; *Spicer v. Hoop,* 51 Ind. 365; *De Graff, Vrieling & Co. v. Wickham, supra.* The case of *Hathaway v. Lynn,* 75 Wis. 186, 43 N. W. Rep. 956, announcing a contrary rule, does not commend itself to our judgment. We reach the conclusion that the judgment of the district court is right, and it is *affirmed.*