JOHN AHLERS, Appellant, v. B. S. HARRISON.

**Liquidated damages:** ENFORCEMENT. A provision for liquidated damages in a contract understandingly entered into will be enforced in equity, unless it is so " unconscionable as to warrant a presumption of fraud, imposture or undue influence."

*Appeal from Black Hawk District Court.*— HON. FRANKLIN C. PLATT, Judge.

THURSDAY, JULY 12, 1906.

SUIT on a bond. Judgment for the defendant, from which the plaintiff appeals.— *Reversed.*

*Gates & Liffring* and *Mullan & Pickett,* for appellant.

*Hildebrand & Feely* and *Miller & Williams,* for appellee.

SHERWIN, J.— The defendant traded a half section of Dakota land to the plaintiff at the agreed price of $6,400, and at the same time executed a contract and bond agreeing to sell the same land for the plaintiff within two years for

the sum of $6,400, with interest at 6 per cent., less rents received from the land during the intervening time. The contract provided that, if sale was not made as agreed, the defendant was to pay the plaintiff the sum of $1,000 in cash as liquidated damages. Sale was not made, and this suit was brought to reform the contract and to recover thereon. The land in question was intersected by a railroad, and the defendant's deed thereto was subject to the right of way, while the contract under which he undertook to sell the same for the plaintiff was silent as to the right of the railroad company. The plaintiff asked that it be reformed to correspond with the fact and the intention of the parties in relation thereto. This was done, and the trial court also, in effect, found that the contract provided for liquidated damages, but refused to enforce the same because a " strict enforcement of the agreement to pay $1,000 liquidated damages would be oppressive and inequitable, in the absence of proof that plaintiff suffered actual damages approximating the amount named in the contract."

The defendant does not appeal, and hence the only question before us is whether, in view of all of the circumstances, the damage agreed upon is so unreasonable that a court of equity will not enforce the contract. In considering this question it must always be borne in mind that parties capable of contracting are bound by their contracts in these cases just as they are in any other cases, and where the contract is. clear and certain and the intent of the parties plain, equity, no more than law, will interfere and make a new contract for them. A contract that has been deliberately entered into should and will be enforced, unless the bargain be so " unconscionable as to warrant the presumption of fraud, imposture, or undue influence." Cases cited and reviewed: *Sun Printing & Publishing Co. Ass'n v. Moore,* 183 U. S. 642 (22 Sup. Ct. 240, 46 L. Ed. 366); *Sanford v. First National Bank,* 94 Iowa, 680; *De Graff, Vrieling & Co. v. Wickham,* 89 Iowa, 720.

Here there was a question as to the amount of cash that could be obtained from the land that the defendant desired to trade to the plaintiff. The defendant represented that the land was worth $6,400,. and that it would sell for said sum within two years, and to induce the plaintiff to deal with him he contracted to sell it for said sum and. interest thereon, or to pay the plaintiff the sum of $1,000. The general market value of the land was not in controversy, and there was no contract as to that. The contract was to make a sale, and this the defendant was unable to do. That there was uncertainty as to the amount for which the land would sell is best evidenced by the failure to sell for the stipulated price, and there can be no doubt that both parties so understood the matter, nor that the defendant deliberately decided to take the chance and make the stipulated payment if he failed to effect a sale. The intent and meaning here is unmistakable. The damage was settled and ascertained to be $1,000, and there is no sound reason either in equity or in law why the party who has breached his contract should not respond as he has agreed. Relying upon the contract as he might, the plaintiff was not bound to go into the question of actual damage. Sanford v. Bank, *supra;* De Graff, V. & Co. v. Wickham, *supra.*

Moreover, the answer presents no issue as to the unreasonableness of the contract. The defense made on this branch of the case is that the sum named was intended as a penalty instead of liquidated damages. No other questions require consideration. The mortgage placed on the land by the plaintiff did not stand in the way of the defendant's sale thereof and furnishes no defense to this suit. The plaintiff is entitled to recover as claimed in his petition, and the case is reversed and remanded for a judgment in harmony with this opinion, or the plaintiff may, if he elect so to do, have a judgment in this court.— *Reversed.*