## M. A. SELBY v. J. B. MATSON, Appellant.

**Contracts:** LIQUIDATED   DAMAGES:   PENALTY:   BURDEN   OF   PROOF.
1   Where a contract by its terms clearly fixes the amount which shall be recovered by either party in case of breach it may be relied upon as governing the measure of recovery, unless from a consideration of the entire agreement, the situation of the parties and the circumstances surrounding the transaction it appears, notwithstanding the words employed, that a penalty was intended; but the burden of showing that such a provision was not for liquidated damages is upon the one so claiming.

**Land contract:** RESCISSION.   Where a party orally agrees to buy a
2   certain piece of land, but a substitution for part of that bargained for is made in the written contract without his knowl-

edge, he may rescind without showing the substituted land to be of less value than that bargained for.

**Same:** MUTUAL MISTAKE. A contract for the purchase of land may 3 be rescinded on the ground of mutual mistake in the description of the premises without showing knowledge of the mistake on the part of the vendor; although to constitute fraud knowledge is essential.

**Same.** Where the vendor points out several tracts as constituting 4 a farm, the vendee may rely thereon, unless informed or otherwise put on inquiry.

*Appeal from Marshall District Court.*— HON. OBED CASWELL, Judge.

SATURDAY, JANUARY 18, 1908.

ACTION for damages on failure to perform contract for exchange of properties resulted in judgment as prayed. The defendant appeals.— *Reversed.*

*Boardman & Lawrence,* for appellant.

*John A. Guiher* and *Binford & Farber,* for appellee.

LADD, C. J.— Plaintiff owned two hundred and thirty-five acres of land in Madison county, and on February 6, 1905, entered into a written agreement with defendant, by the terms of which this land was to be conveyed to the latter at the price of $20,000, which defendant was to pay by assuming a first mortgage of $6,000, by satisfying a second mortgage of $3,200, by conveying to plaintiff four lots with buildings thereon in State Center at $4,000, a stock of farm implements at invoice price without freight or discount, other personal property at $325 or $375, depending on team selected, and plumbing, tinners' and pump tools at prices to be agreed upon. The difference was to be paid in cash by March 1, 1905, at which time the contract was to be carried out, time being of its essence. It was stipulated " between the parties hereto that the measure of damages for

noncompliance with the terms of this contract shall be $1,-000, and that the party ready, willing, and offering to comply herewith, at the time and in the spirit hereof, shall have a claim for damages against the party failing or refusing to comply herewith at the time and in the spirit hereof in the said sum of $1,000, which sum may be recovered in the district court, by an action therefor, with attorney fees and costs of action." The defendant had been at the farm the day the contract was made, and again examined it about February 20th, when he notified plaintiff that twenty acres of land described in the contract was not that pointed out to him by plaintiff, and that he declined to accept same, but would take that shown him. The plaintiff was ready, willing, and able to execute his part of the agreement as written and so notified defendant, who failed to perform. In this action, recovery of the sum named as damages is sought. The defenses interposed are (1) that the amount named was intended to limit the amount to be recovered as actual damages; (2) that the sum named should be treated as a penalty; (3) that the land was not of a quality represented, and for this reason defendant had the right to rescind; and (4) that he had such right for that plaintiff had pointed out two hundred and thirty-five acres of land cleared of timber lying in one body as constituting the farm exchanged, whereas twenty acres thereof lay at some distance and was covered with timber — that is, he exhibited one tract, and caused the description of another to be inserted and tendered performance by conveying the latter. Errors are assigned in rulings arising on the first two and last issues only.

I. The language of the stipulation for damages excludes the thought that the sum named was intended to limit the amount which might be recovered as actual

1. CONTRACTS: liquidated damages: penalty: burden of proof.

damages. In no more definite and accurate use of words could the parties have said damages should be paid by the party failing to perform and the precise amount which should constitute

the damages to be paid. First, $1,000 is stipulated as " the measure of damages;" second, a claim for that amount is given; and, third, such party may recover this amount in court. Manifestly, the clause on its face purports to fix upon the amount of damages as liquidated, and should be so construed, unless, in looking into the nature of the contract, the situation of the parties and circumstances surrounding the transaction, we shall conclude that, notwithstanding the words employed, a penalty was intended. When the stipulation on its face purports to designate liquidated damages, the burden of proof to show that such was not the design in making it is always on the party so contending. *Kelly v. Ferjervary,* 111 Iowa, 693. This being so, it is apparent that in order to recover on a condition broken it is not necessary to plead or prove actual damages. The complainant may rely on the contract as fixing both the fact that damages will result from the breach and the extent thereof. *Degraff v. Wickham,* 89 Iowa, 720; *Ahlers v. Harrison,* 131 Iowa, 289. Thus if the damages stipulated are excessive and out of all proportion with those actually suffered, this is regarded as an indication that the amount named was intended as a penalty, and especially so where the damages resulting from the breach are not difficult of ascertainment. *Sanford v. First Nat. Bank,* 94 Iowa, 680.

No evidence was introduced bearing on this phase of the case, and the sum named was not disproportionate with the values involved in the deal, nor was it inconsistent with the nature of the contract or the circumstances of the transaction. Both parties appear to have been men of affairs, and seem to have intended by exacting ample indemnity in event of a breach of the agreement to cover loss of time as well as the benefit to be derived from the bargain had it been carried out, and if, incidentally, this had a tendency to render compliance therewith more certain this was not objectionable on that account alone. They had the right so to stipulate,

and, having done so, it is not for the courts by force of construction, unaided by extrinsic facts, to read into the agreement a meaning the language does not warrant, and thereby relieve either of the burden he has voluntarily assumed. The rule is established by the decisions cited that in this State the intention of the parties when ascertained will be given effect, and in the light of the record before us no ground appears for holding that in this case it was other than that clearly manifested by the language of the contract. The district court rightly instructed the jury to allow plaintiff $1,000 or return a verdict for the defendant.

II. The evidence adduced by defendant tended to show that plaintiff, prior to the execution of the contract, pointed out the land he proposed to exchange as being five 2. LAND CON- forty's and thirty-five acres of another forty, TRACT: res- and that defendant entered into the contract cission. relying thereon, and supposing that the land exhibited to him was that for which he was exchanging, whereas, in fact, a part of it consisted of a five-acre wood lot, and another of fifteen acres covered with timber, situated at a considerable distance from the other land, and was not shown him. In submitting the issue thus raised to the jury, the court instructed that, in order to return a verdict for defendant, it must be found that the land described in the contract (including the two tracts of twenty acres) was less valuable than the farm as shown defendant. This was error. The relative values of the tracts shown and those described were entirely immaterial. The defendant had a right to have the thing — the particular land for which he traded — and plaintiff could not substitute other tracts even though of equal value. One who has agreed to exchange a horse cannot substitute a mule instead, even though of equal value. Had the contract been executed, and defendant claimed damages resulting from the deceit alleged, then he must have shown that the change was to his detriment. He elected to rescind, however, and the right to be relieved from the ob-

ligation, if induced by fraud, did not depend on relative values, but solely upon whether he was to get under the terms of the contract what he was led to believe he was trading for. If not, no argument is required to enforce the statement that he was entitled to rescind.

III. Appellant also complains of an instruction exacting a finding that plaintiff knowingly misrepresented the location of part of the farm. Relief by way of rescission will be granted in equity without proof of scienter, but on the ground of mutual mistake. *Smith v. Bricker,* 86 Iowa, 285. To constitute fraud, however, knowledge is essential. *Boddy v. Henry,* 113 Iowa, 462. Plaintiff is presumed to have known the location of his land, and the jury might well have been so informed.

3. SAME: mutual mistake.

So, too, if plaintiff pointed out the several tracts making up the farm, defendant had the right to rely thereon, unless informed or put on inquiry to the contrary. *Mcgibbons v. Wilder,* 78 Iowa, 531. What has been said disposes of other rulings to which exceptions were saved.— *Reversed.*

4. SAME.