ROBERT APPLEBY, Appellee, v. N. F. KURTZ et al., Appellants.

No. 40663.

JUNE 20, 1931.

W. W. Rankin, for appellants.

Ralph W. Burt, for appellee.

MORLING, J.—On March 15, 1929, plaintiff and defendant
N. F. Kurtz made a contract for the sale by plaintiff to Kurtz of
a business property for $2850, of which $750 was to be paid down
and the balance in monthly payments beginning May 1, 1929.
For the $750 defendant gave to plaintiff a promissory note se-
cured by mortgage upon other property. This suit is to recover
upon the $750 note and to foreclose the mortgage. Defendants
plead fraud and allege that they have been damaged to the ex-
tent of the payments made on the property, including the $750
and interest and in the amount of their moving expenses. They
ask that the note be cancelled and that they have judgment for
$115 and costs.

The property sold is a business building which was stated
in oral argument to have been the middle of three sections of
a building, the exterior walls of which were brick. Defendants'
testimony is that plaintiff as an inducement to the making of
the contract stated:

"This is a number one brick building, a nice front, glass
and brick and a number one good roof. * * * When I found out
that the building was not brick as represented I made no further
payments on the contract. * * * I had a conversation with Mr.
Appleby and this conversation I think was about May 20, prob-
ably a couple of weeks after I had made this $15 payment which
was on May 4th. * * * Mr. Appleby said, he needed some money
and he came to see if I could pay some money. I said, 'No I
would not make any more payments until he made the building
as he represented.' I said you represented the building to be
brick and it is not so. * * * He said he thought it was. * * * I
showed him a place in the kitchen where there was plastering
off and he said he thought it was brick. I told him in that con-
versation that when he made this right I would pay him every
cent of it. He did not make it right. * * * I would not have
bought the building at all if I had known the side walls were

not brick. * * * I have been a mechanic for the last 40 years, not only a carpenter but I can perform the work from the ground up.''

Plaintiff denies making the representations and denies that defendant complained to him that the side walls were not brick. He testifies that at the time of the trial he had owned the building for about four years, did not inspect it to see how it was built and did not know the composition of the side walls or that the building is not a solid brick building. Defendants do not claim that plaintiff represented that he had knowledge of the composition of the walls, and there is no evidence that he did know, unless it be the circumstance that he had leased the property to a dozen or more and had repaired walls and plastering. It appears that there were interior walls in the building. Notice of forfeiture was served August 20th. Defendants retained possession of the building until about September eighth, when they moved out. Without further elaboration it is sufficient to say that plaintiff does not allege or prove any rescission. On the contrary, the defendants after acquiring knowledge of the alleged fraud stood on the contract, insisted on plaintiff's making it good, and now claim damages instead of rescission. While the suit is in equity to foreclose, the defense pleaded is damages from fraud. Whether the action is at law or in equity a demand for damages cannot be sustained without proof of scienter or its equivalent. Richards & Comstock v. Fredrickson, 171 Iowa 669, 674. Hubbard v. Weare, 79 Iowa 678, 686; Clement, Bane & Co. v. Swanson, 110 Iowa 106, 111; Selby v. Matson, 137 Iowa 97, 102.

It is not claimed that plaintiff made the representation as of his own knowledge. The facts are not such that he must be held to have known that the side walls were lath and plaster and not brick. While defendant points to the testimony of a witness that ''it would not take five minutes to tell if I was there whether it was brick or wood'', this works as much against the defendant, who was a carpenter of long experience and frequently in the building before and about the time it was purchased and who therefore would not readily be deceived, as against the plaintiff. Scienter or its equivalent or intent to defraud is not proved.

Defendant argues that the vendor cannot declare a forfeiture and retain notes given for the purchase price. There

is no allegation in the answer of rescission through notice of forfeiture or otherwise. Such question was not raised in the trial court and cannot be considered here.—Affirmed.

FAVILLE, C. J., and EVANS, STEVENS, ALBERT, KINDIG, WAGNER, and GRIMM, JJ., concur.